SANDRA L. McDONOUGH (SBN 193308)
smcdonough@paulplevin.com
JOANNE ALNAJJAR BUSER (SBN 295191)
jbuser@paulplevin.com
JACQUELINE SEITER (SBN 306923)
jseiter@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants The Regents of the
University of California, Gregory S. Gilbert,
Madeleine Fairbairn, Flora Lu, and S. Ravi Rajan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ALLISON SKIDMORE,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, GREGORY S. GILBERT, MADELINE FAIRBAIRN, FLORA LU, AND S. RAVI RAJAN<br><br>Defendants. | Case No. 5:20-cv-06415-BLF<br><br>**DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        March 4, 2021<br>Time:        9:00 a.m.<br>Courtroom.:  3<br>Judge:       Hon. Beth Labson Freeman |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1

Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALLISON SKIDMORE AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 4, 2021, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 3, 5th Floor, of the above-captioned Court, defendants The Regents of the University of California ("The Regents") and the four individual faculty defendants – Gregory Gilbert, Madeleine Fairbairn, Flora Lu, and S. Ravi Rajan – (collectively, "Defendants") will and hereby do move the Court to dismiss Plaintiff Allison Skidmore's ("Plaintiff" or "Skidmore") Complaint ("Complaint") with prejudice and without leave to amend or, in the alternative, to grant Defendants' special motion to strike the third cause of action (Intrusion of Plaintiff's Right to Privacy [False Light]) and grant attorneys' fees and costs for that portion of the motion.

Pursuant to the Court's November 6, 2020 order, Defendants submit this amended motion and points and authorities in support of their motion to dismiss the entire complaint without leave to amend pursuant to Rule 12(b)(1) and/or 12(b)(6), as well as their special motion to strike the third cause of action pursuant to Code of Civil Procedure section 425.16, Rules 12(f) and 12(g).

## STATEMENT OF RELIEF

Pursuant to Rule 12(b)(1) and/or Rule 12(b)(6), Defendants seek an order dismissing the Complaint with prejudice and without leave to amend. Fed. R. Civ. P. 12(b)(1), 12(b)(6). In the alternative, Defendants seek an order striking the third cause of action (Intrusion of Plaintiff's Right to Privacy [False Light]) from the Complaint, as well as their attorneys' fees and costs for making this portion of the motion. Cal. Code Civ. Proc. § 425.16 *et seq.*; Fed. R. Civ. P. 12(f), 12(g). It is well established that anti-SLAPP motions are available in federal court. *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005).

Dated:  November 13, 2020

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: _____/s/ Joanne Alnajjar Buser_____
SANDRA L. McDONOUGH
JOANNE ALNAJJAR BUSER
JACQUELINE SEITER
Attorneys for Defendants The Regents of the University of California, Gregory S. Gilbert, Madeline Fairbairn, Flora Lu, and S. Ravi Rajan

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1

Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................1

II. RELEVANT FACTS ...........................................................................................................2

    A.    Skidmore Publishes A Facebook Post Calling For Harm To China .........................2

    B.    Faculty Issue Three Statements To Disavow The Post And Affirm UCSC's Values .........................................................................................................................2

III. THE COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B) ...........4

    A.    Eleventh Amendment Sovereign Immunity Bars Each Of Plaintiff's Claims ..........5

        1.    The University Must Be Dismissed Based On Sovereign Immunity .............5

        2.    Sovereign Immunity Also Bars Claims Against The Individual Defendants ....................................................................................................6

    B.    Skidmore's Section 1983 Claims for Damages Are Also Barred Because Defendants Are Not "Persons" Within The Meaning of the Statute, And She Has Not Alleged Any Actionable Deprivation ........................................................7

        1.    Plaintiff Has Not Pled An Actionable "Person" To Support A Section 1983 Claim .................................................................................7

        2.    Skidmore Did Not Suffer Any Deprivation .................................................8

            a.    Violation Of The First Amendment (First Cause Of Action) ...........8

                (1)    Academic Freedom Bars Plaintiff's First Amendment Claim ...................................................................................8

                (2)    On The Merits, Plaintiff Cannot State A Claim ....................9

            b.    Violation Of The Fourteenth Amendment (Second Cause Of Action).................................................................................................10

    C.    The False Light Claim Is Barred By Government Code Immunities And Is Based On Defendants' Exercise Of Common Interest Privilege And Academic Freedom, Thus, It Cannot Be Cured .......................................................11

        1.    Government Code Immunities Bar The Third Cause of Action .................12

        2.    Academic Freedom Protects The Faculty Defendants' Statements ............13

        3.    Civil Code Section 47(c) Protected Defendants' Common Interest Statements ..................................................................................................13

        4.    Defendants Never Placed Plaintiff In A False Light Because They Never Identified Her Or Made Statements That Were Provably False .......14

            a.    The Faculty Statements Did Not Identify Plaintiff .........................15

i

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

b.   The Faculty Statements Were Not Highly Offensive, Nor Provably False, Based On The Nature Of The Controversy ...........15

5.   Plaintiff Has Not Plausibly Pled Damages To Support A False Light Claim ...........16

IV. ALTERNATIVELY, DEFENDANTS' SPECIAL MOTION TO STRIKE THE THIRD CAUSE OF ACTION SHOULD BE GRANTED ...................................17

A.   Applicable Burden-Shifting Standard ........................................17

B.   Skidmore's False Light Claim Arises From Protected Activity ...........................18

C.   Skidmore Cannot Demonstrate A Reasonable Probability of Success ...................19

1.   Defendants Are Immune From Liability For The False Light Claim ..........19

2.   Defendants Are Additionally Immune Under California's Government Code ...........19

3.   Academic Freedom Protects The Faculty Defendants' Statements ...........20

4.   California Civil Code Section 47(c) Protected Defendants' Statements ...........20

5.   Defendants Never Placed Skidmore In A False Light Because They Never Identified Her In Their Statements ...........20

6.   None Of Defendants' Statements Are Provably False Or "Highly Offensive" ...........20

7.   Skidmore Was Not Harmed Because Of Defendants' Statements...............22

V. THE COURT SHOULD NOT GRANT LEAVE TO AMEND ...........23

VI. DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS FOR THEIR SPECIAL MOTION TO STRIKE...........23

VII. CONCLUSION...........23

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

745638.1                                     ii                      Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arizona Students' Ass'n v. Arizona Bd. of Regents*
824 F.3d 858 (9th Cir. 2016).................................................................................................9, 10

*Armstrong v. Meyers*
964 F.2d 948 (9th Cir.1992)..........................................................................................................6

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .................................................................................................................5, 8

*Ault v. Hustler Magazine, Inc.*
860 F.2d 877 (9th Cir. 1988)...............................................................................................16, 21

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .........................................................................................................5, 8, 10

*Broam v. Bogan*
320 F.3d 1023 (9th Cir. 2003) .....................................................................................................8

*Brooks v. Sulphur Springs Valley Elec. Co-op.*
951 F.2d 1050 (9th Cir. 1991)......................................................................................................5

*BV Eng'g v. Univ. of Cal., Los Angeles*
858 F.2d 1394 (9th Cir. 1988).......................................................................................................6

*Cholla Ready Mix, Inc. v. Civish*
382 F.3d 969 (9th Cir. 2004).........................................................................................................6

*Cooper v. Dupnik*
924 F.2d 1520 (9th Cir. 1991).....................................................................................................11

*Crawford-El v. Britton*
93 F.3d 813 (D.C. Cir. 1996) ......................................................................................................10

*Demers v. Austin*
746 F.3d 402 (9th Cir. 2014).........................................................................................................8

*Doe v. Lawrence Livermore Nat'l Lab.*
131 F.3d 836 (9th Cir. 1997)......................................................................................................6, 8

*Dworkin v. Hustler Magazine Inc.*
867 F.2d 1188 (9th Cir. 1989)................................................................................................16, 21

*Flint v. Dennison*
    488 F.3d 816 (9th Cir. 2007) ............................................................................... 6

*Hafer v. Melo*
    502 U.S. 21 (1991) ............................................................................................... 6

*Jackson v. Hayakawa*
    682 F.2d 1344 (9th Cir.1982) ........................................................................... 6, 7

*Kendall v. Visa U.S.A., Inc.*
    518 F.3d 1042 (9th Cir. 2008) .............................................................................. 5

*Keyshian v. Bd. of Regents*
    385 U.S. 589 (1967) ........................................................................................... 8, 9

*Kimes v. Stone*
    84 F.3d 1121 (9th Cir. 1996) .............................................................................. 10

*Mendocino Envt'l Ctr. v. Mendocino County*
    192 F.3d 1283 (9th Cir. 1999) ......................................................................... 9, 10

*Mitchell v. Los Angeles Comm'ty College Dist.*
    861 F.2d 198 (9th Cir. 1988) ................................................................................ 6

*Moore v. Kayport Package Exp., Inc.*
    885 F.2d 531 (9th Cir. 1989) .............................................................................. 23

*Mueller v. U.S-Corp.*
    2009 WL 273283 (C.D. Cal. Feb. 2, 2009) .......................................................... 4

*Nieves v. Bartlett*
    139 S. Ct. 1715 (2019) ........................................................................................ 10

*Partington v. Bugliosi*
    56 F.3d 1147 (9th Cir. 1995) ......................................................................... 16, 21

*Paul v. Davis*
    424 U.S. 693 (1976) ............................................................................................ 11

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) ................................................................................................ 6

*Quade v. Arizona Bd. of Regents*
    700 F. App'x 623 (9th Cir. 2017) .......................................................................... 6

*Reddy v. Litton Indus., Inc.*
    912 F.2d 291 (9th Cir. 1990) ................................................................................ 5

*Regents of the Univ. of Cal. v. Doe*
    519 U.S. 425 (1997) .............................................................................................. 6

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Robertson v. Dean Witter Reynolds, Inc.*
    749 F.2d 530 (9th Cir. 1984) ............................................................................ 5

*Rodriguez v. Maricopa County Comm. College Dist.*
    605 F.3d 703 (9th Cir. 2010) ............................................................................ 9

*Sampson v. County of Los Angeles*
    974 F.3d 1012 (9th Cir. 2020) ........................................................................ 10

*Silvey v. City of Sparks*
    216 F. App'x. 686 (9th Cir. 2007) .................................................................... 4

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ............................................................................ 5

*U.S. v. Associated Press, D.C.*
    52 F. Supp. 362 (S.D.N.Y. 1943) ..................................................................... 9

*Vaughn v. Regents of Univ. of Cal.*
    504 F. Supp. 1349 (E.D. Cal. 1981) .............................................................. 6, 8

*Wasson v. Sonoma Cty. Jr. College Dist.*
    4 F. Supp. 2d 893 (N.D. Cal. 1997) .................................................................. 6

*Will v. Michigan Dept. of State Police*
    491 U.S. 58 (1989) ........................................................................................ 6, 8

**California Cases**

*Adkins v. California*
    50 Cal. App. 4th 1802 (1996), overruled on other grounds in *City of Moorpark
    v. Superior Court*, 18 Cal. 4th 1143 (1998) ................................................. 13

*Briggs v. Eden Council for Hope & Opportunity*
    19 Cal. 4th 1106 (1999) ................................................................................. 18

*Carpenter v. Jack in the Box Corp.*
    151 Cal. App. 4th 454 (2007) ........................................................................ 23

*City of Cotati v. Cashman*
    29 Cal. 4th 69 (2002) .................................................................................... 18

*Copp v. Paxton*
    45 Cal. App. 4th 829 (1996) .......................................................................... 16

*Deaile v. Gen. Tel. of Cal.*
    40 Cal. App. 3d 841 (1974) ........................................................................... 13

*Equilon Enters., LLC v. Consumer Cause, Inc.*
    29 Cal. 4th 53 (2002) .................................................................................... 17

*Ferlauto v. Hamsher*
  74 Cal. App. 4th 1394 (1999)..................................................................16

*Franklin v. Dynamic Details, Inc.*
  116 Cal. App. 4th 375 (2004)..................................................................15

*Gantry Const. Co. v. Am. Pipe & Const. Co.*
  49 Cal. App. 3d 186 (1975)....................................................................13

*Hunter v. CBS Broad. Inc.*
  221 Cal. App. 4th 1510 (2013)................................................................17

*Kashian v. Harriman*
  98 Cal. App. 4th 892 (2002)...................................................................13

*Ketchum v. Moses*
  24 Cal. 4th 1122 (2001).........................................................................23

*Kramer v. Ferguson*
  230 Cal. App. 2d 237 (1964)..................................................................14

*Lundeen Coatings Corp. v. Dep't of Water & Power*
  232 Cal. App. 3d 816 (1991)..................................................................12

*Lundquist v. Reusser*
  7 Cal. 4th 1193 (1994)......................................................................13, 14

*McGarry v. Univ. of San Diego*
  154 Cal. App. 4th 97 (2007)..............................................................15, 16

*Neal v. Gatlin*
  35 Cal. App. 3d 871 (1973)....................................................................13

*Noel v. River Hills Wilsons, Inc.*
  113 Cal. App. 4th 1363 (2003)................................................................14

*Park v. Bd. of Trs. of Cal. State Univ.*
  2 Cal. 5th 1057 (2017)...........................................................................18

*Price v. Operating Eng'rs Local Union No. 3*
  195 Cal. App. 4th 962 (2011)..................................................................15

*Searcy v. Gibbel*
  177 Cal. App. 3d 792 (1986)..................................................................12

*Steed v. Dep't of Consumer Affairs*
  204 Cal. App. 4th 112 (2012).............................................................18, 19

*Talus v. Loftus*
  40 Cal. 4th 683 (2007).......................................................................14, 15

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Tamkin v. CBS Broad., Inc.*
   193 Cal. App. 4th 133 (2011) ........................................................................ 15, 18

*Wilson v. Cable News Network, Inc.*
   7 Cal. 5th 871 (2019) ........................................................................................ 18

**Federal: Statutes, Rules, Regulations, Constitutional Provisions**

42 U.S.C. § 1983 ............................................................................... 1, 7, 8, 10

Fed. R. Civ. P. 9(g) ....................................................................................... 17

Fed. R. Civ. P. 12(b)(1) ................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ................................................................................. 5

Fed. R. Civ. P. 12(f) ................................................................................. 17, 23

Fed. R. Civ. P. 12(g)(1) ................................................................................ 17

U.S. Const. amend. XI ................................................................................... 5

**State: Statutes, Rules, Regulations, Constitutional Provisions**

Cal. Civ. Code § 47(c) ....................................................................... 13, 14, 20

Cal. Civ. Code § 48 ...................................................................................... 14

Cal. Code Civ. Proc. § 425.16 ....................................................... 17, 18, 19, 23

Cal. Const. art. IX, § 9 ................................................................................... 6

Cal. Gov't Code § 815(a) ................................................................... 1, 12, 13, 20

Cal. Gov't Code § 818.8 .................................................................... 1, 12, 13, 20

Cal. Gov't Code § 822.2 .................................................................... 1, 12, 13, 20

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1

Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# I.  INTRODUCTION

Skidmore is a PhD candidate in the University of California, Santa Cruz ("UCSC")[1] Environmental Studies Department ("ENVS").  In March 2020, Skidmore published a vitriolic Facebook post advocating, in part, "[t]here's a special place in hell reserved for the f*ing Chinese and their archaic culture," and her desire for COVID-19 to "wipe[] the whole country" of China "off the planet."  Concerned that Skidmore's post could possibly incite harm to UCSC community members of Chinese origin, and particularly in the wake of school shootings at Virginia Tech, Parkland and Columbine high schools, several ENVS faculty exercised their First Amendment rights and academic freedoms to publish statements to students disavowing the Facebook post, while affirming their commitment to UCSC's values of diversity, tolerance and inclusiveness.

Skidmore now alleges violations of her constitutional rights to free speech and due process under Section 1983 on the basis that she was "*de facto* disciplined" by Defendants when faculty made these statements in response to her Facebook post.  However, Skidmore has not and cannot plead that she was actually deprived of any constitutional rights, as required for a Section 1983 claim, nor has she pled around Eleventh Amendment Sovereign Immunity defenses available to Defendants.  She is still a PhD candidate at UCSC and on schedule to graduate in 2021, same as before her Facebook post and the faculty publications in question.  Thus, she has not pled "more than a sheer possibility" that Defendants engaged in any plausible deprivation of her rights to state a Section 1983 claim.

Skidmore's false light claim fares no better.  Not only does Eleventh Amendment Sovereign Immunity bar this claim as well, but Skidmore has not pleaded, and cannot plead, that any of the Defendants created a false impression or asserted any provably false facts about her. Indeed, Defendants' publications about Plaintiff's Facebook post, which are simply criticisms of her controversial statements, did not even identify Plaintiff by name.  Furthermore, Plaintiff's false light claim is also barred by the immunities set forth in Government Code sections 815(a), 818.8 and 822.2, the common interest privilege, and the academic freedom doctrine.

---

[1] UCSC is a campus owned and operated by The Regents.

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

As set forth below, Skidmore cannot cure the deficiencies in her Complaint to satisfy the pleading standards mandated by *Iqbal*/*Twombly*.  As a result, Defendants request that this Court grant their motion to dismiss all of Skidmore's claims against them with prejudice and without leave to amend.  In the alternative, Defendants request that the Court strike the third cause of action for false light because it wholly arises from Defendants' protected speech concerning issues of public interest, and Skidmore cannot demonstrate a reasonable probability that she will prevail on the merits of this claim.

## II.  RELEVANT FACTS

### A.    Skidmore Publishes A Facebook Post Calling For Harm To China

On or about March 30, 2020, Skidmore posted the following statements to her Facebook page:  "If you thought things would change in China due to the outbreak, think again.  There's a special place in hell reserved for the f\*ing Chinese and their archaic culture. . . . I hate Trump with every fiber of my being but his description of Covid-19 as the Chinese Virus is the most accurate thing he's ever said-I wish it had wiped the whole country off the planet."  ECF No. 1 ¶¶ 20, 33.  Shortly thereafter, an Asian-American online news agency, NextShark, re-published Skidmore's Facebook post, which attracted more viral attention.  *Id.* ¶ 22.

### B.    Faculty Issue Three Statements To Disavow The Post And Affirm UCSC's Values

The individual Defendants published three statements in response to Skidmore's post.  First, on April 2, 2020, Defendant Gregory Gilbert, then ENVS Department Chair, released a statement to the ENVS graduate-student community that read:  "A member of our student community recently posted an appalling, hateful, and violent comment on social media.  The comment was disturbingly xenophobic and deeply hurtful not only to the community it targeted, but to all of us.  As a faculty, we are outraged and saddened that a member of our student community holds these views, and additionally demonstrated profound thoughtlessness and poor judgment in making such abhorrent views public.  We denounce the views expressed in this student's comment in the strongest possible terms.  Such views are an antithesis to our core values as a department, and to the UCSC Principles of Community.  The views were expressed on a private social media account, without any formal UCSC affiliation.  As such, our disciplinary

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

options are circumscribed.  Nonetheless, we would like to underscore that freedom of expression is not just a right.  With it comes a responsibility to nurture and care for all research, and teaching.  Moving forward, the Environmental Studies faculty is committed to creating a department climate and culture centered in equity, justice, and inclusion, which makes clear that hate speech has absolutely no place in our community.  Our response to this highly disturbing post on social media is merely the beginning of a much longer-term conversation about how we can grapple with issues of systemic and institutional racism.  We are committed to doing the reflexive and difficult work, which is necessary to enable healing to occur."  ECF No. 1 ¶¶ 26 (emphasis removed), 28; Amended Request for Judicial Notice ("Am. RJN") of Gilbert Dec., Ex. 2.[2]

Second, on April 3, 2020, Defendants S. Ravi Rajan, Madeleine Fairbairn, and Flora Lu, members of the ENVS Diversity Committee, released an additional, more detailed statement to address the UCSC campus.  The statement read, in part:  "Ever since the Facebook Post, the ENVS Diversity Committee has received a number of inquiries about where we as a committee stand. . . .  We believe that three concrete follow-up steps are required.  First, it is critically important to undertake a full and thorough investigation of this individual who posted this virulently racist and hateful message.  We need to know who her interlocutors were; whether she has other, possibly physically violent, partners; whether she has access to guns or other means of causing bodily harm; and whether she has supporters of her viewpoints amongst the graduate student community and perhaps even the faculty.  As things stand, we do not have definitive answers to these important questions, and in the absence of these answers, some amongst us are fearful for our health, safety and wellbeing.  The only way forward is to request the law enforcement authorities to investigate.  This is hate speech; there are norms that we must follow; and amongst these should be a call for an independent investigation, and a commitment by the department to fully cooperate and furnish evidence.  Secondly, we need to systematically

---

[2] Defendants attach complete copies of the published statements at issue in support of their special motion to strike, and respectfully ask the Court to take judicial notice of these exhibits containing the published statements.  Skidmore only included excerpts of these publications in her Complaint.

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   investigate how and why our pedagogical processes have failed to such an extent that a Ph.D.

2   student of ours who has passed the core curriculum is capable of making these hateful statements

3   without any understanding of the basic historical facts that belie their claims. . . . Note that we are

4   not policing free speech, only demanding standards of rigor and morality that constitute our basic

5   values as scholar.  Last, but by no means least, we urge the campus community at large to engage

6   in a thoughtful conversation about diversity.  We would like to suggest respectfully that whilst

7   diversity is often conflated with representation, it is about much more.  It is, at the outset, about a

8   commitment to acknowledge the validity of myriad perspectives, points of view, and disciplines.

9   Next, the commitment to diversity must entail a duty of respect and care for all.  This includes

10  codes of conduct, due processes, rules of evidence, the eschewal of any form of aggression, a

11  rigorous whistleblower system, and an ombuds office with power to investigate and act when

12  racism arises.  We, as a scholarly community, must perpetually work to address both the kinds of

13  overt racism depicted in this Facebook post and the more systemic, everyday forms of racism

14  experienced by some of our faculty and students."  ECF No. 1 ¶¶ 30-31 (emphasis removed); Am.

15  RJN of Lu Dec., Ex. 2.

16          Following this statement, and because students had been reaching out for more information

17  about what the ENVS Department planned to do in response to the Facebook post, the ENVS

18  faculty issued a third response directed at ENVS undergraduate students on April 10, 2020, that

19  largely tracked the first joint faculty statement made on April 2 to ENVS graduate students.  ECF

20  No. 1 ¶ 38; Am. RJN of Gilbert Dec., Ex. 3.  UCSC reviewed the Facebook post and concluded

21  Skidmore had not violated campus policies.  ECF No. 1 ¶¶ 25, 36-37.

22          To date, Defendants have not disciplined Skidmore in any way; she remains a UCSC PhD

23  candidate on schedule to receive her degree in June 2021.  ECF No. 1 ¶¶ 13, 15.

24  **III.  THE COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)**

25          Rule 12(b)(1) of the Federal Rules of Civil Procedure is an appropriate vehicle for dismissal

26  when a plaintiff's claims, like Skidmore's, are barred by Eleventh Amendment Sovereign

27  Immunity.  *Mueller v. U.S-Corp.*, 2009 WL 273283, at *2 (C.D. Cal. Feb. 2, 2009); *see also Silvey*

28  *v. City of Sparks*, 216 Fed. App'x. 686, 688 (9th Cir. 2007) (dismissal under 12(b)(1) is proper

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                4                          Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

where defendant had sovereign immunity).

To the extent the Court does not apply the Eleventh Amendment and chooses to exercise jurisdiction over Skidmore's claims, Federal Rule of Civil Procedure 12(b)(6) requires Skidmore to plead a set of facts which, if true, would entitle her to relief, or face dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court may dismiss a complaint as a matter of law either for lack of a cognizable legal theory or for the absence of sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The burden is squarely on Skidmore to provide factual allegations amounting to more than a speculative basis for relief. *Iqbal*, 556 U.S. at 678. Conclusory allegations need not be accepted as true and cannot state a claim. *See Twombly*, *supra,* 550 U.S. at 555–57 ("more than labels and conclusions" are required); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Rather, a plaintiff must allege "evidentiary facts which, if true, will prove the elements" of the claim. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

The Court may dismiss an action with prejudice where, as here, there is a reasonable certainty Plaintiff would not be entitled to relief under any set of provable facts. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 293 (9th Cir. 1990).

**A.      Eleventh Amendment Sovereign Immunity Bars Each Of Plaintiff's Claims**

**1.      The University Must Be Dismissed Based On Sovereign Immunity**

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). Eleventh Amendment immunity extends to both federal

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1

5

Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   and state law claims brought against states in federal court.  *Pennhurst State Sch. & Hosp. v.*

2   *Halderman*, 465 U.S. 89, 124-25 (1984); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74

3   (9th Cir. 2004).  The Eleventh Amendment bestows immunity not only on unconsenting states, but

4   on their agents as well.  *Mitchell v. Los Angeles Comm'ty College Dist.,* 861 F.2d 198, 201 (9th

5   Cir. 1988), *cert. denied*, 490 U.S. 1081 ("Under the eleventh amendment, agencies of the state are

6   immune from private damage actions or suits for injunctive relief brought in federal court.");

7   *Vaughn v. Regents of Univ. of Cal.*, 504 F. Supp. 1349, 1354 (E.D. Cal. 1981).

8           The Regents is protected by Eleventh Amendment Sovereign Immunity because it is an

9   arm of the State of California established through the California Constitution.  *See* Cal. Const. art.

10  IX, § 9; *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 431-32 (1997); *Mitchell*, 861 F.2d at

11  201 ("California state colleges and universities are 'dependent instrumentalities of the state.'");

12  *see also Armstrong v. Meyers,* 964 F.2d 948, 949-50 (9th Cir.1992) (The Regents is an arm of the

13  state for Eleventh Amendment purposes); *BV Eng'g v. Univ. of Cal., Los Angeles,* 858 F.2d 1394,

14  1395 (9th Cir. 1988) (same); *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir.1982) (same).

15          Thus, because The Regents is immune from Plaintiff's lawsuit based on the Eleventh

16  Amendment, the Court should dismiss The Regents with prejudice.  *See Will v. Michigan Dept. of*

17  *State Police*, 491 U.S. 58, 66 (1989) (applying Eleventh Amendment immunity to Section 1983

18  claim); *Quade v. Arizona Bd. of Regents*, 700 F. App'x 623, 624 (9th Cir. 2017) (applying

19  Eleventh Amendment immunity to false light claim against Board of Regents and individual

20  defendants); *Wasson v. Sonoma Cty. Jr. College Dist.*, 4 F.Supp.2d 893, 908 n.3 (N.D. Cal. 1997)

21  (applying Eleventh Amendment immunity to false light claim against school district and

22  governing board).

23          **2.      Sovereign Immunity Also Bars Claims Against The Individual Defendants**

24          The Eleventh Amendment also bars damages actions against state officials in their official

25  capacities.  *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence*

26  *Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  The individual Defendants are entitled

27  to Eleventh Amendment immunity because a suit against an individual acting in his or her official

28  capacity, seeking damages from the public coffers, is in reality a suit against the state itself.  *Hafer*

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                6                      Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  *v. Melo,* 502 U.S. 21 (1991); *Hayakawa*, *supra*, 682 F.2d at 1350.

2       Skidmore's Complaint clearly alleges she is suing all four individual Defendants regarding

3  their actions and decisions as University officials.  *See* ECF No. 1 ¶ 2 ("Defendants Gilbert,

4  Fairbairn, Lu, and Rajan . . . violated Ms. Skidmore's First Amendment rights, while working in

5  their official capacities as employees of defendant the Regents of the University of California");

6  *see also id.* ¶¶ 10-11 (stating the individual Defendants are sued in their official capacities).

7  Moreover, Skidmore alleges that each of the individual Defendant's actions or decisions was made

8  in the course and scope of University employment.  For example:

9  - "On April 2, 2020 defendant Gilbert, acting in his official capacity as UCSC [ENVS]

10       'Department Chair,' caused an email to be disseminated to the entire environmental

11       studies 'community' . . . ."  *Id.* ¶ 28; *see also id.* ¶ 54;

12  - "On April 3, 2020, the UCSC [ENVS] Diversity Committee [comprised of Fairbairn,

13       Lu, and Rajan] published yet another statement, this time to the entire UCSC Campus. .

14       . ."  *Id.* ¶¶ 30, 31;

15  - "Defendants Gilbert, Fairbairn, Lu, and Rajan acted pursuant to an expressly adopted

16       policy of the Regents by conducting *de facto* discipline and punishment of Ms.

17       Skidmore."  *Id.* ¶ 57.

18  Because each of the individual Defendants acted in their official capacities, they are therefore

19  protected by the Eleventh Amendment and cannot be sued for damages under Section 1983 or in

20  federal court on the state law claims regarding these official acts.  Thus, the motion to dismiss

21  should also be granted with prejudice as to the individual Defendants.

22  **B.**    **Skidmore's Section 1983 Claims for Damages Are Also Barred Because Defendants**

23         **Are Not "Persons" Within The Meaning of the Statute, And She Has Not Alleged Any**

24         **Actionable Deprivation**

25       In addition to Sovereign Immunity barring her claims, Skidmore's claims for monetary

26  relief under Section 1983 must be dismissed.

27         **1.**    **Plaintiff Has Not Pled An Actionable "Person" To Support A Section 1983**

28            **Claim**

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1          7          Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Section 1983 provides that "[e]very *person* who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983 (emphasis added).

It is well-settled that "a State is not a 'person' within the meaning of section 1983" such that a section 1983 claim cannot be brought against a state. *Will*, 491 U.S. at 65; *Vaughn,* 504 F. Supp. at 1354. As discussed above, The Regents and its employees are considered instrumentalities of the State for Eleventh Amendment purposes. Therefore, Defendants cannot be considered "persons" to state viable claims under Section 1983. For example, in *Doe v. Lawrence Livermore Nat'l Lab.*, the Ninth Circuit held that the University, and its laboratory director acting in his official capacity, "are not 'persons' within the meaning of § 1983" and, therefore, could not be sued for monetary damages. 131 F.3d 836, 839 (9th Cir. 1997).

Accordingly, Skidmore's Section 1983 claims must further be dismissed against all Defendants because none of the Defendants are "persons" under the statute.

### 2.     Skidmore Did Not Suffer Any Deprivation

To state a claim under Section 1983, a plaintiff must show that she was deprived of a right secured by the Constitution. 42 U.S.C. § 1983; *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Skidmore's Section 1983 claims must be dismissed because, as explained below, she failed to plead sufficient facts to state a claim for relief that is plausible on its face, and none of her claims raise "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

### a.     Violation Of The First Amendment (First Cause Of Action)

### (1)     Academic Freedom Bars Plaintiff's First Amendment Claim

"[T]eaching and academic writing are at the core of the official duties of teachers and professors. Such teaching and writing are 'a special concern of the First Amendment.'" *Demers v. Austin*, 746 F.3d 402, 411 (9th Cir. 2014), quoting *Keyshian v. Bd. of Regents*, 385 U.S. 589, 603 (1967) (recognizing public university professor's statements were protected by the First

Amendment under the academic freedom doctrine).  "The classroom is peculiarly the 'marketplace of ideas.'  The Nation's future depends upon leaders trained through wide exposure to that robust exchange of ideas which discovers truth 'out of a multitude of tongues, (rather) than through any kind of authoritative selection.'"  *Keyshian*, 385 U.S. at 603, quoting *U.S. v. Associated Press, D.C.*, 52 F. Supp. 362, 372 (S.D.N.Y. 1943).

The faculty Defendants' statements about the Facebook post were undisputedly expressions of academic freedom protected by the First Amendment.  *See* Am. RJN of Scholz Dec., Ex. 2.  In an analogous case, *Rodriguez v. Maricopa County Comm. College Dist.*, 605 F.3d 703, 708 (9th Cir. 2010), students challenged a college professor's statements as being racist.  The Ninth Circuit held that the professor's statements, "based entirely on his point of view," were protected by the First Amendment based on the academic freedom doctrine.  The Ninth Circuit noted: "We therefore doubt that a college professor's expression on a matter of public concern, directed to the college community, could ever constitute unlawful harassment and justify the judicial intervention that plaintiffs seek."  *Rodriguez*, 605 F.3d 710.  Moreover, "it is axiomatic that the government may not silence speech because the ideas it promotes are thought to be offensive. . . . The Constitution embraces such a heated exchange of views, *even (perhaps especially) when they concern sensitive topics like race*, where the risk of conflict and insult is high."  *Rodriguez*, 605 F.3d at 708 (emphasis added).

Accordingly, because the Ninth Circuit has recognized the faculty Defendants' rights to express themselves on matters of public interest, like issues of race and diversity, Plaintiff's First Amendment claim premised on Defendants' statements cannot survive a motion to dismiss.

### (2)   On The Merits, Plaintiff Cannot State A Claim

To state a First Amendment retaliation claim, Skidmore must show that Defendants intended to interfere with her First Amendment rights and that she suffered some injury as a result. *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016); *Mendocino Envt'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999).  "[T]he test for determining whether the alleged retaliatory conduct chills free speech is objective; it asks whether the retaliatory acts 'would lead ordinary student[s] . . . in the plaintiffs' position' to refrain from

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                                 9                          Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    protected speech." *Arizona Students' Ass'n*, 824 F.3d at 868; *see also Mendocino Envt'l Ctr.*, 192

2    F.3d at 1300, quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996) ("the proper

3    inquiry asks 'whether an official's acts would chill or silence a person of ordinary firmness from

4    future First Amendment activities.'").  Skidmore must allege that Defendants' retaliatory animus

5    was the but-for cause of her injury, "meaning that the adverse action against [her] would not have

6    been taken absent the retaliatory motive." *Sampson v. County of Los Angeles*, 974 F.3d 1012,

7    1019 (9th Cir. 2020), quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

8          Here, Skidmore's Complaint acknowledges that *Defendants recognized her right to free*

9    *speech* and, as such, did not take any action against her in response to her Facebook post.  ECF

10    No. 1 ¶¶ 26, 43, 73.  Indeed, Skidmore has not pleaded, and cannot plead, that Defendants

11    formally disciplined her or took other potentially injurious actions that would objectively

12    discourage any student from exercising free speech rights.  *See* ECF No. 1 ¶ 76.  Nor can she show

13    that any of Defendants' conduct was the "but-for" cause of any alleged injury she experienced, as

14    opposed to the nature of her Facebook comments.  Although she claims some murky form of "*de*

15    *facto*" discipline, this is not enough to "nudge[] [her] claims across the line from conceivable to

16    plausible," to establish an actionable injury interfering with her constitutional rights.  *Twombly*,

17    550 U.S. at 570.

18          In sum, Skidmore has not alleged, and cannot allege, that she suffered any injury as a result

19    of Defendants' response to the viewpoints expressed in her Facebook post, or any action that

20    would objectively cause a student like her to refrain from engaging in protected speech.  Thus, her

21    first cause of action should be dismissed.

22        **b.**    **Violation Of The Fourteenth Amendment (Second Cause Of Action)**

23          To state a Section 1983 due process claim, Skidmore must allege: (1) a liberty or property

24    interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3)

25    a lack of process.  *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).  Skidmore's due process

26    claim should be dismissed because she fails to sufficiently plead the deprivation of any

27    constitutionally protected property or liberty interest.

28          Skidmore alleges she has a constitutionally protected property interest in her continued

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1               10               Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   education at UCSC.  ECF No. 1 ¶ 89.  Assuming this is true, she has not pleaded, because she

2   cannot, that she suffered any deprivation of this right.  Skidmore remains a PhD student in good

3   standing and is on track to timely graduate.  *Id.* ¶¶ 13, 15.  Thus, Defendants have not deprived

4   Skidmore of any alleged protected property interest.

5          Nor has Skidmore sufficiently pled the deprivation of any protected liberty interest.  While

6   Skidmore alleges she has a "constitutionally protected liberty interest in her good name, reputation

7   and integrity," she has not pled a violation of this interest because Defendants did not address her

8   by her name in any of the three publications at issue, and, more importantly, her status as a student

9   in good standing has not changed as a result of the individual Defendants' publications.  *See Paul*

10  *v. Davis*, 424 U.S. 693 (1976) (reputational harm alone not sufficient to establish deprivation of

11  liberty interest under the Fourteenth Amendment); *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th

12  Cir. 1991) (same); ECF No. 1 ¶¶ 26, 30, 38; Am. RJN of Gilbert Dec., Exs. 1, 2 and Lu Dec., Ex.

13  1 (all referring anonymously to a "member" or "student" of the ENVS community).  Moreover,

14  Defendants' academic freedom protected their statements about the Facebook post, as set forth

15  *supra* Section III(B)(2)(a)(1).

16         To the extent Skidmore's name was mentioned in connection with the NextShark article,

17  which news agency is not affiliated whatsoever with the Defendants, it was NextShark news

18  agency, and not Defendants, who identified Skidmore by her name.  ECF No. 1 ¶ 27.  As such,

19  Skidmore has not sufficiently pleaded that *Defendants* harmed her name, reputation, or integrity to

20  cause any deprivation of a protected liberty interest.  *See Cooper*, 924 F.2d at 1534 (Section 1983

21  injury must be the result of "affirmative conduct" by government, not third party).

22         Accordingly, Plaintiff failed to sufficiently plead a violation of her Fourteenth Amendment

23  right to due process, and her second cause of action should therefore be dismissed.

24  **C.   The False Light Claim Is Barred By Government Code Immunities And Is Based On**

25  **Defendants' Exercise Of Common Interest Privilege And Academic Freedom, Thus,**

26  **It Cannot Be Cured**

27         Plaintiff's third cause of action for a common law false light claim is additionally barred

28  by state immunities, the common interest privilege, the doctrine of academic freedom, and on the

1    merits.

2    **1.      Government Code Immunities Bar The Third Cause of Action**

3        In California, all governmental tort liability is dependent on the existence of an authorizing

4    statute.  Cal. Gov't Code § 815(a); *Searcy v. Gibbel*, 177 Cal. App. 3d 792 (1986).  Specifically,

5    California Government Code section 815(a) provides that except as otherwise provided *by statute*,

6    a public entity is not liable for injury, whether such injury arises out of an act or omission of the

7    entity itself or a public employee or any other person.  Cal. Gov't Code § 815(a) (emphasis

8    added).  Here, Skidmore's false light claim is a common law claim and therefore not available

9    against The Regents as a matter of law.  Cal. Gov't Code § 815(a).  As such, Skidmore is barred

10   from bringing, let alone prevailing on, this claim against The Regents.

11       In addition to the immunities above, the individual Defendants are immune from any

12   claims for misrepresentation pursuant to California Government Code section 822.2, which

13   provides: "A public employee acting in the scope of his employment is not liable for an injury

14   caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional,

15   unless he is guilty of actual fraud, corruption or actual malice."  Cal. Gov't Code § 822.2.  The

16   thrust of Skidmore's false light claim is that the individual Defendants "misrepresented what

17   [Skidmore] said and why she said it, placing her in a false light."  ECF No. 1 ¶ 75.  Because such a

18   misrepresentation claim is not actionable against a public employee acting in his or her official

19   capacity, Skidmore is barred from bringing her false light claim against the individual Defendants

20   under Government Code section 822.2 unless she can show they are guilty of actual fraud,

21   corruption, or malice.  She cannot.

22       Here, there is not even an allegation, much less any evidence, that any of the individual

23   Defendants engaged in fraud or acted out of corruption or malice.  Thus, California Government

24   Code section 822.2 provides another basis, in addition to the immunities provided under the

25   Eleventh Amendment, to grant Defendants' motion to dismiss as to the individual Defendants.

26       Courts have held that a similar immunity, California Government Code section 818.8,

27   exempts public entities, including The Regents, from misrepresentation claims that assert financial

28   or commercial damages.  Cal. Gov't Code § 818.8; *Lundeen Coatings Corp. v. Dep't of Water &*

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    12                    Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Power*, 232 Cal. App. 3d 816, 823 (1991) (immunity will prevail where governmental misrepresentation interfered with either commercial or financial interest); *Adkins v. California*, 50 Cal. App. 4th 1802, 1819 (1996), overruled on other grounds in *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143 (1998) (immunities apply when negligent or intentional misrepresentations involve commercial or financial interests).  As such, this absolute immunity also bars Skidmore's false light claim against The Regents.

Accordingly, the repackaged false light claim must be dismissed based on the available immunities under Government Code sections 815(a) and 818.8 as to The Regents, and section 822.2 as to the faculty Defendants.

### 2.   Academic Freedom Protects The Faculty Defendants' Statements

As set forth *supra* at Section III(B)(2)(a)(1), the faculty Defendants' statements about the Facebook post were protected by the doctrine of academic freedom.  Thus, Plaintiff's false light claim must be dismissed.

### 3.   Civil Code Section 47(c) Protected Defendants' Common Interest Statements

Civil Code section 47(c) provides, in relevant part, that "[a] privileged publication or broadcast is one made:  In a communication, without malice, to a person interested therein, . . . by one who is also interested . . . or . . . who is requested by the person interested to give the information."  Cal. Civ. Code § 47(c).  This "common interest" privilege applies to communications reasonably calculated to further a common interest, or where the recipient has requested such information.  *Deaile v. Gen. Tel. of Cal.*, 40 Cal. App. 3d 841, 845-50 (1974) (sharing concerns about morale with coworkers and superiors protected as "common interest"); *Neal v. Gatlin*, 35 Cal. App. 3d 871, 877 (1973) (professor complaint against dean was privileged).  The privilege applies when communications are made in the course of a professional relationship.  *See Kashian v. Harriman*, 98 Cal. App. 4th 892, 914 (2002); *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1196 (1994).  Where the issue of common interest is clear, it is one of law for the court.  *Gantry Const. Co. v. Am. Pipe & Const. Co.*, 49 Cal. App. 3d 186, 196 (1975).

Here, the common interest privilege protects the faculty Defendants' statements made in response to the Facebook post.  Specifically, the faculty Defendants addressed the UCSC campus

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    13                        Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

values of diversity, inclusiveness and tolerance, and affirmed faculty commitment to increasing dialogue to facilitate and promote these values. *See supra* Section II(B); *see also* Am. RJN of Scholz Dec., Exs. 1, 3, 4.  The statements were made in the common interest of the community and to address the concerns expressed by students about the divisive and harmful nature of the Facebook comments. *Id.*

Plaintiff may only defeat the common interest privilege by proving the statements were made with actual malice.  Cal. Civ. Code § 47(c); *Talus v. Loftus*, 40 Cal. 4th 683, 721 (2007).  This means that Plaintiff must affirmatively show the faculty Defendants had "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure [her]." *Lundquist*, 7 Cal. 4th at 1204; *accord* Cal. Civ. Code § 48; *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1370 (2003).  Malice may not be "inferred from the communication," (*Lundquist*, 7 Cal. 4th at 1204), and the privilege "does not depend at all on the truth" of the statement made. *Kramer v. Ferguson*, 230 Cal. App. 2d 237, 246 (1964).  Here, there is no evidence that any of the faculty Defendants acted with hatred or ill will when they made the three statements that are the subject of the false light cause of action.  In fact, quite the opposite: the faculty omitted Plaintiff's name and expressed their own opinions because they wanted to advocate to the campus community their own viewpoints and commitment to UCSC values rooted in academic freedom, not because of any malicious motive. *See supra* Section II(B).  Thus, the common interest privilege further protects the faculty Defendants' statements.

### 4.    Defendants Never Placed Plaintiff In A False Light Because They Never Identified Her Or Made Statements That Were Provably False

Even on the merits, Plaintiff's false light claim cannot survive Defendants' motion to dismiss.  To state a false light claim, Skidmore must show: (1) Defendants publicly disclosed information that showed Skidmore in a false light; (2) the false light created by the disclosure would be highly offensive to a reasonable person in Skidmore's position; (3) Defendants knew the disclosure would create a false impression about Skidmore, or were negligent in determining the truth of the information or whether a false impression would be created by the disclosure; (4) Skidmore was harmed; and (5) Defendants' conduct was a substantial factor in causing

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    14                        Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   Skidmore's harm.  CACI No. 1802; *see Price v. Operating Eng'rs Local Union No. 3*, 195 Cal.

2   App. 4th 962, 970 (2011).

###   a.   The Faculty Statements Did Not Identify Plaintiff

4   Here, Skidmore has not pled that Defendants publicly disclosed information that portrayed

5   *her* in a false light because they did not name Skidmore in any of their publications.  *See* ECF No.

6   1 ¶¶ 26, 30, 38.  Indeed, Defendants' publications only referred to a "member of our student

7   community" and an ENVS "Graduate Student."  *Id.*  Thus, even if given the opportunity to amend

8   her Complaint, Skidmore will not be able to allege that any Defendant made a public statement

9   placing Skidmore in a false light because none of their statements even identified her.

###   b.   The Faculty Statements Were Not Highly Offensive, Nor Provably
###        False, Based On The Nature Of The Controversy

12  Next, none of the three publications issued in response to the Facebook post would be

13  "highly offensive" to a reasonable person, particularly given Skidmore's controversial statements

14  advocating harm to China and the need for Defendants to affirm campus values of diversity and

15  inclusion.  Defendants' statements cannot be considered "highly offensive," or even a "hysterical

16  over-reaction" (ECF No. 1 ¶ 34), particularly in the wake of violent school shootings at Virginia

17  Tech, Parkland and Columbine High Schools, to name a few.  Defendants' statements disavowed

18  acts that potentially threatened the safety of campus community members and were patently an

19  exercise of academic freedom, promoting campus values.  *See* Am. RJN of Scholz Dec., Exs. 1-4.

20  Indeed, in order to establish a false light cause of action based on alleged defamatory

21  statements, a plaintiff must meet the same requirements as a defamation action.  *Tamkin v. CBS*

22  *Broad., Inc.*, 193 Cal. App. 4th 133, 149 (2011).  Under California law, defamation is the

23  intentional publication of a statement of fact which is false, unprivileged, and has a natural

24  tendency to injure.  *Talus*, 40 Cal. 4th at 702.  Thus, to recover damages, a statement must be one

25  of *fact* capable of being proven either true or false.  *McGarry v. Univ. of San Diego*, 154 Cal. App.

26  4th 97, 112 (2007); *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 384 (2004).

27  Defendants' descriptions of the Facebook post as "appalling, hateful, and violent,"

28  "disturbingly xenophobic and deeply hurtful," and "virulently racist and hateful" are, at most, non-

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    15                      Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   actionable, constitutionally-protected opinions protected by academic freedom, that could not

2   properly be the subject of a false light claim anyway; these descriptions are not provably false.

3   *Partington v. Bugliosi*, 56 F.3d 1147, 1159 (9th Cir. 1995) (descriptions of trial lawyer's

4   performance do not imply false assertion of fact for false light because "[a]uthors should have

5   'breathing space' in order to criticize and interpret the actions and decisions of those involved in a

6   public controversy.  If they are not granted leeway in interpreting ambiguous events and actions,

7   the public dialogue that is so important to the survival of our democracy will be stifled.");

8   *McGarry*, 154 Cal. App. 4th at 112; *Copp v. Paxton*, 45 Cal. App. 4th 829, 837-38 (1996) (holding

9   a statement of opinion cannot form the basis for a false light cause of action); *see also* discussion

10  *supra* at Section III(B)(2)(a)(1).  It is well-settled that statements using "rhetorical hyperbole,"

11  "vigorous epithet[s]," "lusty and imaginative expression[s] of . . . contempt," are accorded

12  constitutional protection.  *Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1401 (1999).  The faculty

13  Defendants' criticism concerning controversial statements in the Facebook post are simply not

14  assertions of fact that could support a false light claim; they were privileged opinions generated by

15  the nature of the controversy raised in the Facebook post.  *Partington*, 56 F.3d at 1159; *Dworkin v.*

16  *Hustler Magazine Inc.*, 867 F.2d 1188, 1195 (9th Cir. 1989), quoting *Ault v. Hustler Magazine,*

17  *Inc.*, 860 F.2d 877, 881 (9th Cir. 1988) ("there is a heated and spirited debate on pornography of

18  which this article is a part, and in which epithets, fiery rhetoric and hyperbole are expected.").

19      **5.      Plaintiff Has Not Plausibly Pled Damages To Support A False Light Claim**

20          Furthermore, while Skidmore alleges she experienced "injury to her reputation,"

21  "emotional distress," and "lost one of several career advancement opportunities, including but not

22  limited to, the cancellation of a National Geographic sponsored program and the radio segment on

23  BYU radio's show, 'Top of Mind,' after the faculty published its 'responses' and statements,'"

24  ECF No. 1 ¶ 67, 108, 109, Skidmore does not plead that any specific statement by a Defendant

25  caused her distress or injury to her reputation, or that she lost these "advancement" opportunities

26  *because* of Defendants' publications.  For example, she does not plead (nor can she) that the

27  Defendants even knew about these "advancement" opportunities or somehow contacted National

28  Geographic or BYU to insist that her alleged opportunities be revoked.  In any case, any special

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    16                          Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   damages Plaintiff seeks by way of her defective false light claim have not been sufficiently pled

2   with particularity under Rule 9, thus, the false light claim must be dismissed.  Fed. R. Civ. P. 9(g)

3   ("If an item of special damage is claimed, it must be specifically stated.").

4       Accordingly, Skidmore's Complaint fails to sufficiently allege the elements required to

5   plead a false light claim, and her third cause of action should be dismissed.

## IV.  ALTERNATIVELY, DEFENDANTS' SPECIAL MOTION TO STRIKE THE THIRD
## CAUSE OF ACTION SHOULD BE GRANTED

8   **A.**    **Applicable Burden-Shifting Standard**

9       On November 6, 2020, the Court struck Defendants' special motion to strike and permitted

10   Defendants to file a combined motion to dismiss and special motion to strike.  ECF No. 27; Fed.

11   R. Civ. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by

12   this rule."); Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or

13   any redundant, immaterial, impertinent, or scandalous matter.").  California Code of Civil

14   Procedure section 425.16 *et seq.* (hereinafter, "Section 425.16"), commonly referred to as

15   California's "anti-SLAPP" statute, permits a defendant to eliminate certain types of lawsuits or

16   claims at an early stage.  Cal. Code Civ. Proc. § 425.16(a); *Hunter v. CBS Broad. Inc.*, 221 Cal.

17   App. 4th 1510, 1519 (2013); *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 65

18   (2002).  Specifically, the statute was enacted to combat "a disturbing increase in lawsuits brought

19   primarily to chill the valid exercise of the constitutional right of freedom of speech."  Cal. Code

20   Civ. Proc. § 425.16(a).  It is well established that anti-SLAPP motions are available in federal

21   court.  *Thomas*, 400 F.3d at 1206.

22       Section 425.16 specifically provides that "[a] cause of action against a person arising from

23   any act of that person in furtherance of the person's right of petition or free speech . . . in

24   connection with a public issue shall be subject to a special motion to strike, unless the court

25   determines that the plaintiff has established that there is a probability that the plaintiff will prevail

26   on the claim."  Cal. Code Civ. Proc. § 425.16(b)(1).  Protected statements include any conduct in

27   furtherance of the exercise of the constitutional right of free speech in connection with a public

28   issue or an issue of public interest.  *Id.* § 425.16(e).  The California Legislature has reaffirmed that

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    17                          Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   the anti-SLAPP statute "shall be construed broadly," and courts have accordingly repeatedly

2   emphasized its expansive application.  *Id.* § 425.16(a); *Wilson v. Cable News Network, Inc.*, 7 Cal.

3   5th 871, 900 (2019); *Tamkin*, 193 Cal. App. 4th at 143; *Briggs v. Eden Council for Hope &*

4   *Opportunity*, 19 Cal. 4th 1106, 1119-20 (1999).

5          Courts evaluate anti-SLAPP motions using a two-step process.  *Episcopal Church Cases*,

6   45 Cal. 4th 467, 477 (2009).  First, the moving defendant must show the underlying cause of

7   action, "arise[s] from," either in whole or in part, protected activity.  *Park v. Bd. of Trs. of Cal.*

8   *State Univ.*, 2 Cal. 5th 1057, 1061 (2017).  If the defendant makes this showing, the burden shifts

9   to the plaintiff to show by "competent admissible evidence" a reasonable probability – not a

10  possibility, or a dispute of fact – that she will prevail on the merits of the challenged claims.  *Steed*

11  *v. Dep't of Consumer Affairs*, 204 Cal. App. 4th 112, 124 (2012).  If the plaintiff fails to meet that

12  burden, the court must strike the claim.  *Wilson*, 7 Cal. 5th at 884.

13         As detailed herein, Skidmore's false light claim falls directly within the scope of the anti-

14  SLAPP statute, and she is not able to show even the slightest probability of prevailing on her

15  claim.

16  **B.     Skidmore's False Light Claim Arises From Protected Activity**

17         To satisfy the first prong of the anti-SLAPP analysis, Defendants need only show that the

18  challenged cause of action "arises from" a category protected by the statute.  *See* Cal. Code Civ.

19  Proc. § 425.16(b)(1); *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002).  Section 425.16(e)(3)

20  expressly protects statements "made in a place open to the public or a public forum in connection

21  with an issue of public interest."  Cal. Code Civ. Proc. § 425.16(e)(3).  Section 425.16(e)(4)

22  expressly protects "any . . . conduct in furtherance of the exercise of the constitutional right of . . .

23  free speech in connection with a public issue or an issue of public interest."  *Id.* § 425.16(e)(4).

24  "An act is in furtherance of the right of free speech if the act helps to advance the right or assists in

25  the exercise of the right."  *Tamkin*, 193 Cal. App. 4th at 143.

26         Here, there can be no question that the speech and conduct underlying Skidmore's false

27  light claim falls squarely within the statute.  The individual Defendants' three statements to

28  campus community members plainly criticized and disavowed the content of Skidmore's

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    18                          Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Facebook post about her wish for the COVID-19 virus to "wipe the entire country" of China "off the planet," and advocating for a "special place in hell reserved for the f*ing Chinese and their archaic culture."  *See* Gilbert Dec., ¶¶ 7, 10, Exs. 2-3; Lu Dec., ¶ 9, Ex. 2.  The statements also explicitly affirmed UCSC campus values of tolerance, diversity and inclusiveness and called for action to ensure that more extensive training and dialogue occurs around issues related to racism. *See supra* Section II(B); *see also* Scholz Dec., ¶¶ 8-9, Exs. 1-4.  The harmful statements about China, and the call to action for tolerance, diversity and inclusiveness are all issues of public interest and are precisely the sort of dialogue contemplated for protection by the anti-SLAPP statute.

In addition, Defendants released their statements precisely *because* of the public concern surrounding Skidmore's Facebook post.  Indeed, UCSC students, and even an out-of-state professor, contacted the ENVS faculty to inquire about how the Department intended to respond. Fairbairn Dec., ¶¶ 3-4; Gilbert Dec., ¶¶ 4, 10; Lu Dec., ¶¶ 3-4, 8; Press Dec., ¶¶ 3-4; Rajan Dec., ¶¶ 3-4.  Furthermore, the online news source, NextShark, apparently found the situation newsworthy and published its own statements about the Facebook post and the initial faculty response.  ECF No. 1 ¶ 27.

Because Defendants have demonstrated that their statements were communications connected with an issue of public interest, the Court must strike Skidmore's false light claim unless Skidmore can produce specific, competent, admissible evidence demonstrating a reasonable probability that she will succeed on the merits of her claim.  Cal. Code Civ. Proc. § 425.16(b)(1); *Steed*, 204 Cal. App. 4th at 124.  She cannot.

**C.     Skidmore Cannot Demonstrate A Reasonable Probability of Success**

**1.     Defendants Are Immune From Liability For The False Light Claim**

As set forth *supra* in Section III(A), The Regents and the faculty Defendants are immune pursuant to Eleventh Amendment Sovereign Immunity.  Accordingly, the Eleventh Amendment bars the false light claim as pled against Defendants, and this cause of action should be dismissed.

**2.     Defendants Are Additionally Immune Under California's Government Code**

As set forth *supra* in Section III(C)(1), The Regents is immune from the false light claim

1  based on Government Code sections 815(a) and 818.8.  In addition, the faculty Defendants are

2  immune pursuant to Government Code section 822.2.  Accordingly, the Government Code bars

3  the false light claim against all Defendants, and this cause of action should be dismissed.

### 3. Academic Freedom Protects The Faculty Defendants' Statements

5      As set forth *supra* at Section III(B)(2)(a)(1), the faculty Defendants' statements about the

6  Facebook post were protected by the doctrine of academic freedom.  Fairbairn Dec., ¶¶ 4, 7;

7  Gilbert Dec., ¶ 7, Exs. 2-3; Lu Dec. ¶¶ 5, 8, Ex. 2; Rajan Dec., ¶ 9; Press Dec., ¶ 8; *see also* Scholz

8  Dec., Ex. 2.  Thus, Plaintiff's false light claim must be dismissed.

### 4. California Civil Code Section 47(c) Protected Defendants' Statements

10     As set forth *supra* at Section III(C)(3), the faculty Defendants' statements about the

11 Facebook post were protected by the common interest privilege pursuant to Code of Civil

12 Procedure section 47(c).  Fairbairn Dec., ¶¶ 4, 7; Gilbert Dec., ¶¶ 5-7, 10, Exs. 2-3; Lu Dec. ¶¶ 5,

13 8, Ex. 2; Rajan Dec., ¶¶ 5, 9; Press Dec., ¶ 5; Scholz Dec., ¶¶ 8-9, Exs. 1-4.  Thus, the false light

14 claim should be dismissed.

### 5. Defendants Never Placed Skidmore In A False Light Because They Never Identified Her In Their Statements

17     Skidmore cannot show that Defendants publicly disclosed information that portrayed *her*

18 in a false light because they deliberately omitted her name and projects from their publications.

19 Fairbairn Dec., ¶¶ 4, 8; Gilbert Dec., ¶¶ 6-7, 10, Exs. 2-3; Lu Dec. ¶¶ 5, 9, Ex. 2; Press Dec., ¶ 7;

20 Rajan Dec., ¶ 5.  Indeed, Defendants' publications only referred to a "member of our student

21 community" and an ENVS "Graduate Student."  Gilbert Dec., ¶¶ 7, 10, Exs. 2-3; Lu Dec., ¶ 9, Ex.

22 2.  Thus, Skidmore has no evidence that any Defendant made a public statement placing her in a

23 false light because none of their statements even identified her.

### 6. None Of Defendants' Statements Are Provably False Or "Highly Offensive"

25     Skidmore alleges Defendants portrayed her in a false light by "misrepresenting what she

26 said and why she said it" and "further libelously characterizing [her] as 'racist,' 'xenophobic,' and

27 'genocidal.'"  ECF No. 1 ¶¶ 75, 102.  However, she has no evidence that Defendants misquoted

28 her in any way, and Defendants' statements are non-actionable opinion that cannot form the basis

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                           20                      Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

of a false light claim.

First, Skidmore's claim that Defendants misrepresented what she said is false.  Defendants quoted Skidmore's Facebook post only in the April 3, 2020 statement, and they quoted her verbatim.  *Compare* Lu Dec., ¶ 9, Ex. 2, *with* ECF No. 1 ¶ 33.  The fact that they did not mention animal rights or trafficking in the post is irrelevant; the statements that concerned them were quoted verbatim.  The context of Skidmore's post does not change the vitriolic message threatening harm to an entire country and criticizing the culture of its citizens.  Skidmore admitted her post was "completely inappropriate" and "crossed a major line."  Press Dec., ¶ 7, Ex. 1.

Next, as set forth *supra* at Section III(C)(4)(b), Defendants' descriptions of Skidmore's Facebook post as "appalling, hateful, and violent," "disturbingly xenophobic and deeply hurtful," and "virulently racist and hateful" are, at most, non-actionable, constitutionally-protected opinions consistent with the academic freedom doctrine and cannot properly be the subject of a false light claim.  *See supra* Sections III(C)(4)(b) and III(B)(2)(a)(1).  Here, by any objective measure, Defendants' statements are pure opinion that cannot support her false light claim.

Moreover, in the April 3, 2020 statement, the ENVS Diversity Committee raised numerous questions about the implications of the Facebook post, confirming Defendants were not even capable of making any provable factual assertions – "*whether* she has other, possibly physically violent, partners; *whether* she has access to guns or other means of causing bodily harm; and *whether* she has supporters of her viewpoints amongst the graduate student community and perhaps even the faculty.  *As things stand, we do not have definitive answers to these important questions*, and in the absence of these answers, some amongst us are fearful for our health, safety and wellbeing."  Lu Dec., ¶ 9, Ex. 2 (emphasis added).  The faculty Defendants' posing of questions for follow-up concerning controversial statements in the Facebook post are simply not assertions of fact that could support a false light claim.  *Partington*, 56 F.3d at 1157 (finding no provable assertions of fact where defendant's "use of a question mark serves two purpose[s]: it makes clear his lack of definitive knowledge about the issue and invites the reader to consider the possibility of other justifications. . . .");  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1195 (9th Cir. 1989), quoting *Ault v. Hustler Magazine, Inc.*, 860 F.2d 877, 881 (9th Cir. 1988) ("there

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1

21

Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

is a heated and spirited debate on pornography of which this article is a part, and in which epithets, fiery rhetoric and hyperbole are expected.").

Further, Plaintiff cannot show a reasonable probability that a reasonable person would find any of the three faculty publications issued in response to Skidmore's Facebook post "highly offensive," particularly given Skidmore's controversial statements advocating harm to China and its people, and the need for Defendants to affirm campus values of diversity and inclusion.  *See supra* Section II(B).  Defendants' statements cannot be considered a "hysterical over-reaction," ECF No. 1 ¶ 34, especially in the wake of violent school shootings at Virginia Tech, Parkland and Columbine High Schools, to name a few, and the highly publicized anti-Asian sentiments that spurred as a result of the COVID-19 pandemic.  Defendants' statements disavowed acts that potentially threatened the safety of campus community members, at least several of whom were "scared" and "frightened" by Skidmore's post.  Fairbairn Dec., ¶ 3-4; Gilbert Dec., ¶¶ 4-7, 10, Exs. 2-3; Lu Dec., ¶¶ 8-9, Ex. 2; Rajan Dec., ¶¶ 5, 9; Scholz Dec., ¶ 6.

Thus, the faculty Defendants' statements are not provably false or "highly offensive," and cannot form the basis of an actionable false light claim.

### 7.     Skidmore Was Not Harmed Because Of Defendants' Statements

As set forth *supra* at Section III(C)(5), Skidmore cannot prove (in fact, she has not even alleged) that she suffered any tangible harm as a result of Defendants' statements.  With respect to her studies, she remains a PhD student in good standing and on schedule to graduate on time. ECF No. 1 ¶¶ 13, 15; Gilbert Dec., ¶ 11; Loik Dec., ¶ 9; Press Dec., ¶ 11.  When her advisor left UCSC this Summer, she easily secured a new advisor who helped arrange for another dissertation review committee to ensure her graduation plans remained unfazed.  Loik Dec., ¶¶ 3-8, Exs. 1-2.

While Skidmore alleges she experienced "injury to her reputation" and "emotional distress," and "lost one of several career advancement opportunities, including but not limited to, the cancellation of a National Geographic sponsored program and the radio segment on BYU radio's show, 'Top of Mind,' after the faculty published its 'responses' and statements,'" ECF No. 1 ¶¶ 67, 108, 109, Skidmore will not be able to proffer any evidence that any specific statement by a Defendant was a factor, let alone a substantial factor, in causing her distress or injury to her

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   reputation, or that she lost these "career advancement" opportunities *because* of Defendants'

2   publications.  For example, she has not alleged, and she cannot prove, that Defendants even knew

3   about these "advancement" opportunities or somehow contacted National Geographic or BYU to

4   insist that her alleged opportunities be revoked.  Fairbairn Dec., ¶ 11; Gilbert Dec., ¶ 12; Lu Dec.,

5   ¶ 12; Press Dec., ¶ 12; Rajan Dec., ¶ 13.

6       For all of the foregoing reasons, Skidmore will not be able to show a reasonable

7   probability of prevailing on her false light claim, and this cause of action should be stricken.

8   ### V.  THE COURT SHOULD NOT GRANT LEAVE TO AMEND

9       The Court may deny leave to amend if "a complaint, as amended, is subject to dismissal."

10  *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).  Here,

11  Skidmore has alleged no facts that might allow her to bypass Defendants' Eleventh Amendment

12  Sovereign Immunity defense, the Government Code immunities, the common interest privilege,

13  and the doctrine of academic freedom.  Furthermore, she cannot allege any facts that would entitle

14  her to relief for any of her claims, as she has not been disciplined and remains a PhD candidate in

15  good standing, and none of the publications even mentioned Skidmore.

16  ### VI.  DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS FOR THEIR
17  ### SPECIAL MOTION TO STRIKE

18      Under the anti-SLAPP statute, the prevailing defendant "shall be entitled" to recover its

19  attorney's fees and costs.  Cal. Code Civ. Proc. § 425.16(c).  A fee award to the prevailing party is

20  mandatory.  *Ketchum v. Moses,* 24 Cal. 4th 1122, 1131 (2001); *Carpenter v. Jack in the Box*

21  *Corp.*, 151 Cal. App. 4th 454, 461 (2007).  Defendants request that they be awarded their fees and

22  costs in connection with the special motion to strike, in an amount to be determined.

23  ### VII.  CONCLUSION

24      For the foregoing reasons, Defendants respectfully request that the Court dismiss each of

25  the claims alleged against them without leave to amend pursuant to Rule 12(b)(1) and/or 12(b)(6).

26  Moreover, Defendants respectfully request that the Court dismiss the third cause of action

27  pursuant to Code of Civil Procedure section 425.16 and Rule 12(f), and award Defendants their

28  attorneys' fees and costs associated with the special motion to strike.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

745638.1                                    23                        Case No. 5:20-cv-06415-BLF
DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Dated:  November 13, 2020                    PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

2

3                                                 By:  _____ /s/ Joanne Alnajjar Buser _____
                                                       SANDRA L. McDONOUGH
4                                                      JOANNE ALNAJJAR BUSER
                                                       JACQUELINE SEITER
5                                                      Attorneys for Defendants The Regents of the
                                                       University of California, Gregory S. Gilbert,
6                                                      Madeline Fairbairn, Flora Lu, and S. Ravi Rajan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO
STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## PROOF OF SERVICE

2

**Skidmore v. The Regents of the University of California, et al.**
**Case No. 5:20-cv-06415**

3

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

6

7

On November 13, 2020, I served true copies of the following document(s) described as

8

- **DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE;  AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

9

10

- **DECLARATION OF DEFENDANT MADELEINE FAIRBAIRN IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE;**

11

12

- **DECLARATION OF DEFENDANT GREGORY GILBERT IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE;**

13

- **DECLARATION OF MICHAEL LOIK IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE;**

14

15

- **DECLARATION OF DEFENDANT FLORA LU IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE;**

16

- **DECLARATION OF DANIEL PRESS IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE;**

17

18

- **DECLARATION OF DEFENDANT S. RAVI RAJAN IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE;**

19

- **DECLARATION OF TERESA MARIA LINDA SCHOLZ IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE;**

20

21

- **AMENDED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS; and**

22

23

- **[PROPOSED] ORDER GRANTING DEFENDANTS' AMENDED MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE** on the interested parties in this action as follows:

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

Mark E. Ellis, SBN 127159
Omid Shabani, SBN 267447
Timothy S. Lam, SBN 319831, Email:
ELLIS LAW GROUP, LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
Email: mellis@ellislawgrp.com
          oshabani@ellislawgrp.com
          tlam@ellislawgrp.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 13, 2020, at San Diego, California.

Amy R. Dickey

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

745638.1

2

Case No. 5:20-cv-06415-BLF

DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE; AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF