**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALLISON SKIDMORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-06415-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS AND DEFERRING RULING ON SPECIAL MOTION TO STRIKE**<br><br>[Re: ECF 29] |

Plaintiff Allison Skidmore, an animal rights activist and Ph.D. candidate at the University of California, Santa Cruz, published a Facebook post on her personal page about the treatment of bears in China that was considered inflammatory and highly offensive by the unintended recipients of the post. She is now suing Defendants Gregory Gilbert, department chair of the University's Environmental Studies Department; Madeleine Fairbairn, Flora Lu, and S. Ravi Rajan, department faculty members (collectively, "Individual Defendants"); and the Regents of the University of California ("the Regents") for violations of her First and Fourteenth Amendment rights under 42 U.S.C. § 1983 and the privacy tort of false light. *See* Compl., ECF 1. Ms. Skidmore seeks declaratory and injunctive relief as well as monetary damages. *See id.* Defendants have filed a motion to dismiss all claims and a special motion to strike the false light claim under California Code of Civil Procedure Section 425.16 ("anti-SLAPP motion"). As stated on the record at the March 4, 2021 hearing, the Court will GRANT Defendants' motion to dismiss. Before making a final determination on Defendants' anti-SLAPP motion, however, the Court will grant Ms. Skidmore leave to amend the false light claim.

### A. Claims Against the Regents

Concerning the claims against the Regents, the Court agrees with Defendants that the Regents are protected from suit by Eleventh Amendment sovereign immunity. *Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir.1992) ("The Regents, a corporation created by the California constitution, is an arm of the state for Eleventh Amendment purposes, and therefore is not a "person" within the meaning of section 1983"). This immunity from suit extends to state law claims as well. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004) ("all of Cholla's state law claims are barred by the Eleventh Amendment, which precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts."). Because the claims against the Regents could not be cured by further amendment, they are DISMISSED WITH PREJUDICE.

### B. Constitutional Claims Against Individual Defendants

As Ms. Skidmore conceded at the hearing, the complaint currently sues the Individual Defendants in their official capacity. *See* Compl. ¶¶ 2, 10-11, 28, 30-31, 54, 57. The Eleventh Amendment also bars damages actions against state officials in their official capacities. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) ("a suit against a state official in his or her official capacity .... is no different from a suit against the State itself.") (alteration in original). State officials can be sued in their official capacity for *prospective* injunctive relief, *id.*, but Ms. Skidmore has not alleged a present and future injury that could be remedied by injunctive relief. By Ms. Skidmore's own admission, the last action by Defendants in this case was on April 10, 2020, when the department faculty published a statement condemning her comments (but not her by name) as "disturbingly xenophobic and deeply hurtful." Compl. ¶ 38. She has not alleged any ongoing injury and her counsel confirmed at the hearing that she is on track to receive her Ph.D. in June 2021. Because Ms. Skidmore could potentially cure the complaint's deficiencies with amendment, the claims against the Individual Defendants are DISMISSED WITHOUT PREJUDICE. The Court advises Ms. Skidmore that any amendment needs to address the academic freedom doctrine, which protects the First Amendment rights of university professors.

*Rodriguez v. Maricopa County Comm. College Dist.*, 605 F.3d 703, 708 (9th Cir. 2010) ("We therefore doubt that a college professor's expression on a matter of public concern, directed to the college community, could ever constitute unlawful harassment and justify the judicial intervention that plaintiffs seek."). Additionally, to properly allege a Fourteenth Amendment claim on the basis of a liberty interest, Ms. Skidmore needs to plead facts establishing more than reputational harm. *See Paul v. Davis*, 424 U.S. 693, 701 (1976) (finding that reputation alone, apart from some more tangible interest such as employment, is not by itself sufficient to invoke the protection of the Due Process Clause).

### C. False Light Claim Against Individual Defendants

Defendants have brought a Rule 12(b)(6) challenge and an anti-SLAPP motion against Ms. Skidmore's false light claim. "Under California's anti-SLAPP statute, a defendant may bring a special motion to strike a cause of action arising from constitutionally protected speech or petitioning activity." *Barry v. State Bar of California*, 2 Cal. 5th 318, 320 (2017). "Unless the plaintiff establishes a probability of prevailing on the claim, the court must grant the motion and ordinarily must also award the defendant its attorney's fees and costs." *Id.*

"The analysis of an anti-SLAPP motion proceeds in two steps." *Barry*, 2 Cal. 5th at 321. "At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them." *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016). At step two, "the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." *Baral*, 1 Cal. 5th at 396. Where, as here, the anti-SLAPP motion challenges the legal sufficiency of the claims, the district court applies the Rule 12(b)(6) standard to consider whether a claim is stated. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018). If the challenged claims are not adequately stated in the initial pleading, the district court may defer consideration of the anti-SLAPP motion pending the filing of an amended pleading. *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091-92 (9th Cir. 2004) (holding that district court did not err in deferring consideration of Covad's anti-

1  SLAPP motion pending receipt of Verizon's first amended complaint, and affirming denial of

2  anti-SLAPP motion to strike first amended complaint).

3        For the first step, the Court finds that Defendants have made a threshold showing that the false light claim is based on allegations of protected activity, specifically, the Individual Defendants' three statements to campus community members that condemned Ms. Skidmore's comments. Compl. ¶¶ 26, 30, 38, 99; *see* Cal. Code Civ. Proc. § 425.16(e) (protecting statements including any conduct in furtherance of the exercise of the constitutional right of free speech in connection with a public issue or an issue of public interest). It is undisputed that this is an issue of public interest.

      For the second step, the Court finds that Ms. Skidmore has not met her burden of demonstrating that the false light claim is legally sufficient and factually substantiated. "False light is a species of invasion of privacy, based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Price v. Operating Engineers Local Union No. 3*, 195 Cal. App. 4th 962, 970 (Cal. Ct. App. 2011). In order for the claim to be actionable, the statement at issue must be false. *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 384 (Cal. Ct. App. 2004) ("The sine qua non of recovery for defamation ... is the existence of falsehood."). A statement of opinion such as those currently pled cannot be provably false, and Ms. Skidmore has not alleged facts establishing that the Individual Defendants' publications contain provably false statements. Accordingly, Ms. Skidmore has failed to state a claim upon which relief may be granted, and the Court GRANTS Defendants' Rule 12(b)(6) motion as to this claim, dismissing it WITHOUT PREJUDICE. Before making a final determination on Defendants anti-SLAPP motion, however, the Court will grant Ms. Skidmore leave to amend her claim. *See Verizon*, 377 F.3d at 1091.

### D. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. All claims

1   against the Regents are DISMISSED WITH PREJUDICE. All claims against the Individual

2   Defendants are DISMISSED WITHOUT PREJUDICE. The Court DEFERS ruling on Defendants'

3   anti-SLAPP motion. Ms. Skidmore shall file her amended complaint no later than April 19, 2021.

5   **IT IS SO ORDERED.**

7   Dated: March 5, 2021

_____
BETH LABSON FREEMAN
United States District Judge