UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLISON SKIDMORE,<br><br>        Plaintiff,<br><br>        v.<br><br>GREGORY S GILBERT, et al.,<br><br>        Defendants. | Case No. 20-cv-06415-BLF<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF No. 85] |

This case was brought by Plaintiff Allison Skidmore ("Plaintiff") in response to alleged *de facto* discipline she experienced from faculty members ("Defendants") at the University of California, Santa Cruz, in response to an offensive Facebook post she had made. Plaintiff asserted two § 1983 claims for violations of her First and Fourteenth Amendment rights, as well as a state law claim for false light invasion of privacy.

On February 2, 2022, the Court issued an order striking Plaintiff's false light claim under California Code of Civil Procedure section 425.16—also referred to as California's anti-SLAPP statute—and dismissing her First and Fourteenth Amendment claim on qualified immunity grounds. Defendants subsequently filed their motion for mandatory attorneys' fees under section 425.16, which is now before the Court, fully briefed, supplemented with detailed time entries, and taken under submission without oral argument. For the reasons discussed below, the motion is GRANTED IN PART.

**I.   BACKGROUND**

   **A.   Motions to Dismiss and to Strike**

On September 11, 2020, Plaintiff filed her complaint, initiating this lawsuit. ECF No. 1. On November 5, 2020, Defendants filed a 19-page motion to dismiss and a 21-page special motion

1  to strike pursuant to California Code of Civil Procedure 425.16, commonly referred to as
2  California's anti-SLAPP statute. ECF Nos. 24, 25. The day after Defendants filed their motion to
3  strike, the Court struck the motion and ordered Defendants to file a single consolidated 25-page
4  motion to dismiss or strike. ECF No. 27. On November 13, 2020, Defendants filed their amended
5  consolidated motion to dismiss and to strike ("First Dispositive Motion"). ECF No. 29. On
6  March 5, 2021, the Court granted Defendants' motion to dismiss and granted Plaintiff leave to
7  amend. ECF No. 55. The Court determined that Plaintiff had failed to meet her burden on the
8  second step of the anti-SLAPP motion by failing to demonstrate that the false light claim was
9  legally sufficient or factually substantiated. *Id.* at 3-4. Under Ninth Circuit precedent, the Court
10 deferred making a final ruling on Defendants' anti-SLAPP motion, allowing Plaintiff an
11 opportunity to amend the false light claim targeted by the motion. *See id.* at 4 (citing *Verizon*
12 *Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004)); *see also* Hearing
13 Tr. 20:2-11, Mar. 4, 2021, ECF No. 58.
14 　　　On April 19, 2021, Plaintiff filed her First Amended Complaint ("FAC"), which included
15 the same three claims as her original complaint. FAC, ECF No. 59. Defendants filed a second
16 consolidated motion to dismiss and special motion to strike ("Second Dispositive Motion")
17 (collectively with the First Dispositive Motion, the "Dispositive Motions"), which was fully
18 briefed by May 24, 2021. ECF Nos. 60, 61, 63. The motion hearing date was scheduled for
19 December 2, 2021.
20 　　**B.**　**Post-Briefing Discovery**
21 　　　In the last month leading up to the motion hearing, Plaintiff conducted seven depositions of
22 Defendant faculty members and other percipient witnesses. Pl.'s *Ex Parte* Application 1-2, ECF
23 No. 69; *see also* Hearing Tr. 9:7-25, Dec. 2, 2021, ECF No. 78. On November 23, 2021, Plaintiff
24 filed an *ex parte* application to continue the motion hearing, permit further briefing, and introduce
25 the newly discovered evidence. ECF No. 69, at 2. In that application, Plaintiff represented that
26 the briefing on Defendants' Second Dispositive Motion was "now stale." *Id.* at 1.
27 　　　The Court denied Plaintiff's *ex parte* application and left the motion hearing on calendar
28 but ordered Plaintiff to file a motion for leave to file an amended complaint, which the Court

2

1  would address at the motion hearing.  ECF No. 71.  Plaintiff subsequently filed her motion for
2  leave to amend and attached a Second Amended Complaint.  ECF No. 74 ("MLTA").  Defendants
3  subsequently filed an opposition to the motion for leave, and Plaintiff filed a reply.  ECF Nos. 79
4  ("Opp. MLTA"), 80.

5        On February 15, 2022, the Court granted Defendants' motion to dismiss without leave to
6  amend, granted the anti-SLAPP motion, and denied Plaintiff's motion for leave to amend.  ECF
7  No. 83 ("Feb. 15 Order").  The Court dismissed Plaintiff's § 1983 claims on qualified immunity
8  grounds and struck her false light claim for failure to demonstrate a probability of prevailing.  *Id.*
9  at 13-14, 17.  The Court also set a briefing schedule for Defendants to move for attorneys' fees.

10     **C.**    **Attorneys' Fees Motion**
11       On March 15, 2022, Defendants moved for attorneys' fees, seeking fees for their counsel's
12 work on (1) both Dispositive Motions; (2) their defense of the eight depositions taken before the
13 Second Dispositive Motion hearing; and (3) their opposition to Plaintiff's MLTA.  Mot.
14 Attorneys' Fees and Costs ("Fees Mot."), ECF No. 85.  After the parties fully briefed the Fees
15 Motion, the Court ordered Defendants to supplement their motion with contemporaneous time
16 records and additional briefing.  ECF No. 93; *see also* Suppl. Decl. Joanne Alnajjar Buser ("Buser
17 Decl. III"), ECF No. 94.  In her supplemental briefing on the Fees Motion, Plaintiff provided her
18 objections to each line entry of Defendants' time records and posited that Defendants may only
19 recover 89.7 of their total billed 367.8 hours.  Pl.'s Resp. Defs.' Contemporaneous Time Records
20 ("Pl.'s Suppl. Opp.") 1, ECF No. 95.  At the close of all primary and supplemental briefing on the
21 Fees Motion, Defendants seek a total of $149,996.58 in fees and costs.

22 **II.**    **LEGAL STANDARD**
23       Subject to certain exceptions not applicable here, section 425.16(c) provides that "a
24 prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's
25 fees and costs."  Cal. Civ. Proc. Code § 425.16(c).  Although it does not expressly limit the award
26 to "reasonable" fees, California courts have construed section 425.16(c) to contain a
27 reasonableness limitation.  *See, e.g., Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459, 488
28 (2014) ("each fee application under section 425.16, subdivision (c) must be assessed on its own

merits . . . taking into account what is reasonable under the circumstances") (internal quotation marks and citation omitted); *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995) ("We readily conclude section 425.16 similarly authorizes and award of *reasonable* attorney fees to the prevailing party, irrespective of whether the prevailing party is the plaintiff or the defendant.") (emphasis in original).

When evaluating a motion for reasonable attorneys' fees under section 425.16, the Court begins with a lodestar figure. *Lunada*, 230 Cal. App. 4th at 806. The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The hours reasonably expended include those spent litigating the special motion to strike but not the action as a whole. *See Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1324-25 (2008). However, the prevailing party to the anti-SLAPP motion may recover fees spent litigating the mandatory fee award, *see Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001), and on tasks that are "inextricably intertwined" with the anti-SLAPP motion, *see Fallay v. San Francisco City & Cnty.*, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016) (collecting cases). The Court "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Christian Research*, 165 Cal. App. 4th at 1132 (citation omitted).

"The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group*, 22 Cal. 4th at 1095. "Once the lodestar is fixed, the court may increase or decrease that amount by applying a positive or negative 'multiplier' to take other factors into account." *Rey v. Madera Unified School Dist.*, 203 Cal. App. 4th 1223, 1240 (2012). Those factors "include, but are not limited to, (1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; [and] (4) the contingent nature of the fee award." *Id*; *see also Ketchum*, 24 Cal. 4th at 1132.

### III. DISCUSSION

After Defendants supplemented their motion with detailed time entries, Plaintiff does not dispute that Defendants are entitled to *some* fees and instead primarily argues that the hours

4

expended by Defendants' counsel were not reasonable. Additionally, Plaintiff briefly argues—in three lines—that Defendants failed to show their requested rates were reasonable. Pl.'s Opp Fees Mot. ("Opp.") 5.

The Court first addresses the reasonableness of defense counsel's rates before turning to the reasonableness of the hours expended.

### A.     Reasonable Hourly Rates

As the moving party, Defendants have the burden of establishing that their requested rates are reasonable "in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979-80 (9th Cir. 2008). The appropriate community in this case is the Northern District of California. *Id.*

Here, Defendants are represented by a team of attorneys from the firm of Paul, Plevin, Sullivan & Connaughton LLP ("PPSC"). They seek the following standard hourly rates for their attorneys: $575 for senior partner Sandra L. McDonough (with over 20 years' experience); $450 for junior partner Joanne A. Buser (with 16 years' experience); $295 for mid-level associate Jacqueline Seiter (with six years' experience); $285 for junior associate Kris M. Darrough (with three years' experience); and $190 for paralegal Amy R. Arnold. Decl. Joanne A. Buser ("Buser Decl. I") ¶ 10, ECF No. 85-1. Ms. Buser also provides the qualifications and relevant experiences of her colleagues (*id.* ¶ 19) and asserts that their rates are "well below the market value of fees for similar legal services." *Id.* ¶ 10. In support of these rates, Defendants cite several opinions from this district that awarded rates higher than the ones they are seeking. *See* Fees Mot. 4-5.

The Court finds that the requested rates are well within the range of rates awarded to other attorneys in this district prevailing on anti-SLAPP motions, if not on the lower end of the spectrum. *See, e.g.*, *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-CV-08431-TSH, 2022 WL 1458518, at *3 (N.D. Cal. May 9, 2022) (finding hourly rates of $845.75 and $935 reasonable for partners and $450 reasonable for junior associate in anti-SLAPP motion); *Sols. 30 E. Eur., S.R.L. v. Muddy Waters Cap. LLC*, No. 4:21-CV-02423-YGR, 2022 WL 1814439, at *2 (N.D. Cal. Apr. 28, 2022) (finding partner rates of $725 and $905 and mid-level associate rates of $460 and $535 to be "at or below the median ranges for lawyers of comparable experience in the Bay Area" in

5

anti-SLAPP fees motion); *Jiang v. KNTV Television LLC*, No. 21-CV-01293-LB, 2021 WL 4710717, at *5 (N.D. Cal. Oct. 8, 2021) (finding hourly rates between $336 and $744 to be "at or below the median range for lawyers of comparable experience doing comparable work in the Bay Area"); *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST, 2019 WL 8377690, at *3 (N.D. Cal. Sept. 24, 2019) (finding that hourly rates between $300 and $830 for an anti-SLAPP motion are "consistent with prevailing rates in the Bay Area legal market"). The rate for Ms. Arnold's paralegal services is also within the reasonable range for such services in the Northern District. *See Resolute Forest Prod.,* 2019 WL 8377690, at *6 ("Other courts in the Northern District have determined that a reasonable rate for paralegals in the local market ranges between $150 and $240 an hour.").

Given the fees awarded for other successful anti-SLAPP motions in the Northern District and the Court's familiarity with the prevailing rates, the Court is satisfied that Defendants' requested rates are within the range of reasonable rates in this community.

**B.    Reasonable Hours Expended**

With respect to the hours Defendants seek, Plaintiff objects that (1) Defendants are seeking fees for tasks not connected to their anti-SLAPP motion, and (2) Defendants are "double-dipping" on tasks which were excessive and unnecessary. Pl.'s Supp. Opp. 1. Plaintiff provides detailed line-by-line responses to Defendants' time entries and counters that Defendants are only entitled to 89.7 of the 367.8 hours they had billed. *Id.* at 1; *see also* Decl. Mark E. Ellis, Ex. A, ECF No. 95-1. Defendants respond that California's anti-SLAPP statute is to be "construed broadly," which they argue permits fees for tasks "inextricably intertwined" with the anti-SLAPP motion. Reply 2 (citing *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008)).

Defendants prevailing on anti-SLAPP motions "may recover fees and costs only for the motion to strike, not the entire litigation." *Christian Research*, 165 Cal. App. 4th at 1320.[1] That

---

[1] The Court notes that, under state law, all discovery is stayed pending a special motion to strike absent court approval. Cal. Civ. Proc. Code 425.16(g). No such discovery stay applies to actions in federal court. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).

6

said, courts in the Ninth Circuit have held that "[a]ll expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned." *Kearney*, 553 F. Supp. 2d at 1184. Accordingly, "[w]ork that is inextricably intertwined with an anti-SLAPP motion is compensable." *Peak Health Ctr. v. Dorfman*, No. 19-CV-04145-VKD, 2020 WL 3254337, at *5 (N.D. Cal. June 16, 2020); *see also Fallay*, 2016 WL 879632, at *3 (collecting cases).

Because Defendants' motions to dismiss the § 1983 claims, defense of Plaintiff's depositions, and opposition to Plaintiff's MLTA all relate differently to Defendants' anti-SLAPP motion, the Court will separately analyze each of these peripheral tasks to determine whether they are "inextricably intertwined" with the anti-SLAPP motion, as well as review for any duplication of efforts across timekeepers.

### i. First and Second Dispositive Motions

Plaintiff objects to Defendants' time expended on the motion to dismiss the federal § 1983 claims, as well as any "block billed" entries that an examiner cannot distinguish between work attributable to the motion to dismiss and work on the anti-SLAPP motion. Pl.'s Suppl. Opp. 2; *see also Kearney*, 553 F. Supp. 2d at 1183 ("Where a complaint contains both anti-SLAPP and non-anti-SLAPP causes of action, *e.g.*, federal claims, the SLAPP claims alone may be stricken and a motion to dismiss may be directed to the non-SLAPP causes of action.").

#### a. Reasonable Hours

Having reviewed Defendants' time entries for work on the Dispositive Motions, the Court finds that the total hours expended are excessive and should be adjusted as detailed below.

The request for Ms. McDonough's fees is granted in its entirety with respect to the 3.9 hours she spent on both Dispositive Motion briefings and hearings. Buser Decl. III, Ex. 1 ("Defs.' Time Entries"), at 8-9. These hours and the time entries reflect a reasonable amount of time spent by a senior partner with over twenty years' of litigation experience to oversee and review the work on two rounds of dispositive motion briefing. Buser Decl. I ¶ 19(b). Accordingly, the lodestar for Ms. McDonough's work on both Dispositive Motions is $2,242.50 (3.9 hours x $575).

Defendants request a total of 78.5 hours for the work done by Ms. Buser, who is a junior

partner with sixteen years of experience. Buser Decl. I ¶ 19(a). Plaintiff asserts that only 20.3 hours of Ms. Buser's work are recoverable. *See generally* Pl.'s Time Entry Resp., ECF No. 95-1. Across both Dispositive Motions, Ms. Buser expended approximately 35.6 hours revising the briefs, 5.1 hours conforming the briefs to the Court's order, 18 hours reviewing documents or preparing declarations, 11.4 hours preparing and attending the hearing, and 7.5 hours on miscellaneous communications. Defs.' Time Entries, at 1-2, 5. Although the hours spent on the hearings and communication are reasonable, the Court finds that the hours billed for revising the briefs, conforming Defendants' briefs to the Court's order, and reviewing documents and declarations are excessive for an attorney of Ms. Buser's experience and could have been significantly delegated to an associate. The Court will accordingly reduce the hours to 25 hours revising the two briefs, 2 hours amending the First Dispositive Motion, and 8 hours reviewing documents and drafting declarations. Ms. Buser's lodestar is $24,255 (53.9 hours x $450).

Defendants also request 54.9 hours billed for Ms. Seiter's work on the First Dispositive Motion, of which Plaintiff claims only 44.1 hours are appropriate. Ms. Seiter spent approximately 30.4 hours researching and writing the First Dispositive Motion and reply brief, as well as 24.5 hours reviewing documents and preparing declarations. *Id.* at 7-8. The Court finds that these hours are somewhat excessive, especially given Ms. Buser's significant involvement in the briefing. The Court finds that 20 hours of research and writing and 15 hours for document and declaration preparation is reasonable. The lodestar for Ms. Seiter is $10,325 (35 hours x $295).

For the Second Dispositive Motion, Ms. Darrough spent 54.8 hours, which Plaintiff would reduce to 24.1 hours. Ms. Darrough's time entries reflect approximately 44.7 hours researching and drafting the briefs, 3.8 hours reviewing documents and declarations, and 0.7 hours on miscellaneous communications. *Id.* at 10-11. Additionally, Ms. Darrough spent 5.6 hours researching and drafting analyses on legal issues irrelevant to Defendants' anti-SLAPP motion, such as recoverability of fees in the event of settlement, preparation for settlement, and limiting discovery in anti-SLAPP cases. The Court finds that the 44.7 hours spent on researching and drafting are excessive here, given that the Second Dispositive Motion bears substantial resemblance to the First Dispositive Motion and did not involve any sovereign immunity issues.

8

The Court will reduce the hours for research and drafting the Second Dispositive Motion to 20 hours and award no hours for research unrelated to the anti-SLAPP motion here. The resulting lodestar for Ms. Darrough is $6,982.50 (24.5 hours x $285).

Defendants also seek 21.3 hours for Ms. Arnold's time providing paralegal services on both Dispositive Motions. Plaintiff would award Ms. Arnold 0.1 hours. Ms. Arnold's time was largely spent preparing and revising declarations and exhibits, as well as conforming documents to proper formatting and other processing. *Id.* at 11-13. The Court finds that 21.3 hours across two rounds of briefing is a reasonable number for paralegal support on two rounds of dispositive motion briefing. Accordingly, Ms. Arnold's lodestar is $4,047 (21.3 hours x $190).

The following table summarizes the hours that the Court finds reasonable for Defendants' work on both Dispositive Motions:

| FEES (PRELIMINARY) FOR DISPOSITIVE MOTIONS | | | | |
|---|---|---|---|---|
| **Name** | **Rate** | **Hours Requested** | **Hours Adjusted** | **Fee Amount** |
| **Sandra L. McDonough** | $575 | 3.9 | 3.9 | $2,242.50 |
| **Joanne Buser** | $450 | 77.6 | 53.9 | $24,255.00 |
| **Jacqueline Seiter** | $295 | 54.9 | 35.0 | $10,325.00 |
| **Kris M. Darrough** | $285 | 54.8 | 24.5 | $6,982.50 |
| **Amy R. Arnold** | $190 | 21.3 | 21.3 | $4,047.00 |
| | | | Fees Subtotal | $47,852.00 |

b. Apportionment Between Motions to Dismiss and to Strike

In addition to the adjustment for reasonable hours, Plaintiff also argues that Defendants' fees for work on the motions to dismiss are not compensable, as they are not directly related to the anti-SLAPP motion. Suppl. Opp. 1. Defendants respond that the motion to dismiss and anti-SLAPP motion involved similar factual bases and legal arguments. Suppl. Reply 3.

When determining whether a successful anti-SLAPP motion is "inextricably intertwined"

1  with an accompanying motion to dismiss, federal courts typically consider whether the motions
2  involve "common issues of fact and law," though common facts by themselves are insufficient
3  "when legal theories do not overlap." *Kearney*, 553 F. Supp. 2d at 1184; *see also Maxwell v.*
4  *Kaylor*, No. 18-CV-06121-NC, 2022 WL 3137895, at *2 (N.D. Cal. Apr. 29, 2022) (denying anti-
5  SLAPP fees for motion to dismiss for lack of subject matter jurisdiction).

6        The Court first notes that all three of Plaintiff's claims "involve a common core of facts."
7  *Kearney*, 553 F. Supp. 2d at 1183.  All claims as alleged in the dismissed FAC are based on
8  Defendants' publication of allegedly misleading statements regarding Plaintiff.  *See* FAC ¶ 72
9  ("Defendants violated Ms. Skidmore's First Amendment rights by releasing and publishing
10 misleading statements"); ¶ 87 ("Defendants failed to provide adequate due process prior to
11 releasing their public statements condemning Ms. Skidmore"); ¶ 92 ("the individual Defendants
12 publicly published and disclosed materials which showed Ms. Skidmore in a false light").

13       Furthermore, the Court finds that Defendants' legal arguments against both the First
14 Amendment § 1983 claim and her false light claim were animated—at least in part—by the
15 academic freedom doctrine.  *See* Second Dispositive Mot. 6-7 ("Defendants' statements about the
16 Facebook post were undisputedly expressions of academic freedom protected by the First
17 Amendment."), 13 ("Universities receive latitude to manage First Amendment rights in their
18 learning environments."), 15 (referring to earlier section on academic freedom), 20 (same).  The
19 Court's February 15 Order likewise reflects the doctrine's salience in this case, as academic
20 freedom was featured in the Court's determinations on qualified immunity for the § 1983 claims
21 and the probability of prevailing on the anti-SLAPP motion.  *See* Feb. 15 Order 12 ("Here, in
22 contrast, there is a 'firmly rooted' tradition in affording university professors protection for
23 speaking out on matters of public concern."), 20-23.

24       That said, the Court notes that substantial portions of Defendants' Dispositive Motions
25 involved legal theories that do not overlap with those supporting the anti-SLAPP motion and were
26 uniquely responsive to Plaintiff's federal claims.  Specifically, Defendants' response to Plaintiff's
27 Fourteenth Amendment § 1983 claim did not involve the academic freedom doctrine at all (*see*
28 Second Dispositive Mot. 10-11), nor did most of their qualified immunity analysis (*see id.* at 11-

13). Defendants' argument that Plaintiff cannot allege a First Amendment injury is also uniquely tailored to the First Amendment context and relied entirely on federal case law. *See id.* 8-11. Because "work performed on federal claims is not compensable," *see Fallay v. San Francisco City & Cnty.*, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016) (collecting cases), these uniquely federal sections in the consolidated Dispositive Motions warrant an additional downward adjustment in Defendants' hours for their separate work to dismiss Plaintiff's federal claims.

Accordingly, the Court finds that a further 30% reduction in the hours for Ms. Buser, Ms. Seiter, and Ms. Darrough is reasonable, given that approximately one third of the Dispositive Motions were committed to dismissing Plaintiff's federal claims without any overlap with the anti-SLAPP motion. The final hours and fees the Court will award for Defendants' work on the Dispositive Motions are set forth in the table below:

| FEES (FINAL) FOR DISPOSITIVE MOTIONS | | | | |
|---|---|---|---|---|
| **Name** | **Rate** | **Hours Adjusted** | **Hours Awarded (FINAL)** | **Fee Amount** |
| **Sandra L. McDonough** | $575 | 3.9 | 3.9 | $2,242.50 |
| **Joanne Buser** | $450 | 53.9 | 37.7 | $16,965.00 |
| **Jacqueline Seiter** | $295 | 35.0 | 24.5 | $7,227.50 |
| **Kris M. Darrough** | $285 | 24.5 | 17.2 | $4,902.00 |
| **Amy R. Arnold** | $190 | 21.3 | 21.3 | $4,047.00 |
| **TOTAL FEES FOR BOTH DISPOSITIVE MOTIONS** | | | | **$35,384.00** |

### ii. Anti-SLAPP Discovery

In addition to the fees incurred for their Dispositive Motions, Defendants also request fees incurred for defending eight depositions initiated by Plaintiff. Fees Mot. 6. Plaintiff argues that the depositions are unrelated to the anti-SLAPP motion because they occurred nearly six months after the Second Dispositive Motion had been fully briefed and was only intended to discover

11

evidence relating to Plaintiff's § 1983 claims. Opp. 3; Suppl. Opp. 2-3. Defendants respond that Plaintiff was the party initiating the discovery, and Plaintiff's counsel had specifically represented to the Court that the deposition testimony were material to the merits and factual issues raised by Defendants' anti-SLAPP motion when she sought an *ex parte* application for further briefing on the Second Dispositive Motion. Suppl. Reply 2-3 (quoting Decl. Omid Shabani in Support of Pl.'s *Ex Parte* Application to Request a Continuance ¶ 13, ECF No. 69-1).

   a. Depositions' Relation to Anti-SLAPP Motion

As noted above at Section III(B), all work that is "inextricably intertwined" with the anti-SLAPP motion is compensable. *See, e.g.*, *Fallay*, 2016 WL 879632, at *3; Cal. Civ. Proc. Code § 425.16(a). Moreover, both California courts and federal courts applying California law have awarded attorneys' fees incurred for discovery—including depositions—initiated by the non-moving party to an anti-SLAPP motion. *See, e.g.*, *Henry v. Bank of Am. Corp.*, No. C 09-0628 RS, 2010 WL 3324890, at *4 (N.D. Cal. Aug. 23, 2010) (finding that depositions and document production "was initiated by plaintiff and directly related to the motion to strike, so is therefore compensable"); *Jackson v. Yarbray*, 179 Cal. App. 4th 75, 92 (2009) ("The fees awarded should include services for all proceedings, including discovery initiated by the opposing party pursuant to section 425.16, subdivision (g), directly related to the special motion to strike.").

To the extent Plaintiff argues that fees spent on defending depositions are never recoverable under the anti-SLAPP statute, that argument is plainly wrong under the existing case law. *See Henry*, 2010 WL 3324890, at *4; *Jackson*, 179 Cal. App. 4th at 92. Plaintiff also appears to argue—albeit summarily—that the eight depositions taken were not related to Defendants' anti-SLAPP motion because they were taken to only discover evidence relating to her § 1983 claims and not the false light claim. Suppl. Opp. 2-3; *see also* Decl. Mark E. Ellis ("Ellis Decl. II"), ECF No. 95-1. However, this position is in some tension with Plaintiff's representation in its *ex parte* application that "the testimony obtained from the [depositions] are material to the merits and factual issues raised by Defendants' Motion to Dismiss *and Special Motion to Strike*." ECF No. 69-1, ¶ 13 (emphasis added), Nov. 23, 2021; *see also* MLTA 1 ("The SAC differs from the First Amended Complaint ('FAC') as follows: . . . (5) It adds allegations as to the Defendants'

12

actual malice, with respect to the third cause of action for false light violation of privacy.").

Considering all the information available regarding the depositions in question and that the California anti-SLAPP statute is to be "construed broadly," the Court finds that Plaintiff's depositions were related to Defendants' anti-SLAPP motion, and it would be reasonable to award Defendants fees for defending the depositions. The Court finds it difficult to discount Plaintiff's sworn contemporaneous admissions to the Court that the depositions were material to Defendants' anti-SLAPP motion (ECF No. 69-1, at ¶ 13), a fact she does not explain or directly rebut in any of her briefing. On the other hand, there is reason to discount Plaintiff's counsel's after-the-fact statement that all eight depositions were only directed towards developing facts relating to Defendants' motion to dismiss the § 1983 claims, especially considering that courts generally should not consider deposition testimony on motions to dismiss. *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1154 (N.D. Cal. 2014) ("In general, a court should not look beyond the four corners of a complaint when ruling on a motion to dismiss."). Furthermore, denying Defendants' recovery for fees they unwillingly incurred to defend against discovery Plaintiff initiated at the eleventh hour would undermine the anti-SLAPP statute's legislative purpose "requiring a plaintiff to reimburse a prevailing defendant for expenses incurred in *extricating himself or herself from a baseless lawsuit*." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002) (emphasis added); *cf. id.* ("That purpose is not served if the SLAPP plaintiff can file an appeal and require the defendant to incur fees and costs in defense of the appeal, but then avoid any liability for those fees and costs by dismissing the appeal prior to final determination."). Accordingly, the Court finds that Defendants may recover their fees incurred in defending against the eight depositions Plaintiff initiated.

        b.   Reasonable Hours

Although the Court finds that Defendants are entitled to fees arising from the discovery Plaintiff took in November 2021, it nonetheless finds that only some of Defendants' hours requested are reasonable, as further discussed below.

As a starting point, the Court notes that, although there were eight depositions taken, each deposition was under four hours long: Dr. Rajan's deposition was 3.5 hours; Dr. Lu's deposition was 3.8 hours; Mr. Hernandez-Jason's deposition was 0.5 hours; Dr. Fairbairn's and Dr. Press's

13

depositions combined took 7.5 hours; Dr. Gilbert's deposition was 1.8 hours; Mr. Maxwell's deposition was 2.0 hours; and Dr. Scholz's deposition was 3.0 hours. *See* Defs.' Time Entries, at 3-4, ECF No. 94. In total, Defendants spent about 22.1 hours in the depositions themselves. *Id.*

The Court will grant Defendants' request for Ms. McDonough's 1.2 hours, which were spent reviewing the deposition summaries. Defs.' Time Entries, at 8. This is a reasonable and modest amount of time spent for a senior partner to oversee a substantial wave of depositions. Accordingly, Ms. McDonough's lodestar is $690 (1.2 hours x $575).

Ms. Buser was the attorney defending all eight depositions for which she billed 78.7 hours. Defs.' Time Entries, at 4. Given that she spent a total of 22.1 hours attending the depositions themselves, Ms. Buser would have spent 56.6 hours (78.7 hours less 22.1 hours) preparing for the depositions, reviewing documents, and reviewing deposition transcripts. Buser Decl. I ¶ 12(b). This results in an approximate ratio of 2.56 hours of preparation for each hour of deposition attendance. The Court finds that this is somewhat excessive for an attorney of Ms. Buser's experience, especially given that much of the document review and preparation could have been delegated to an associate. The Court will award Ms. Buser 45 hours for her work on the depositions, which is an approximate ratio of 1 hour of preparation and review for each hour she spent in deposition. Accordingly, Ms. Buser's lodestar is $20,250.00 (45 hours x $450).

Defendants request 36.3 hours for Ms. Darrough's work, which included reviewing and identifying documents in preparation for the depositions and summarizing the depositions afterwards. Defs.' Time Entries, at 10. The requested amount results in Ms. Darrough spending on average 1.65 hours for each hour that Ms. Buser spent in the depositions. The Court finds that this is a reasonable number of hours for a mid-level associate to spending reviewing documents and preparing deposition summaries, and Ms. Darrough's time entries do not contain any tasks that could have been delegated to paralegal or secretarial staff. Accordingly, the lodestar for Ms. Darrough will be $10,345.50 (36.3 hours x $285).

Finally, Defendants seek to recover 13 hours of paralegal support provided by Ms. Arnold, whose time entries mostly reflect document preparation for all eight depositions. Defs.' Time Entries, at 13-14. This averages out to approximately 1.6 hours of document preparation per

1  deposition.  The Court finds that this is a reasonable number of hours for paralegal deposition

2  support, and accordingly awards Defendants a lodestar of $2,470 (13.0 hours x $190) for Ms.

3  Arnold's work.

4          The following table summarizes the Court's adjusted hours and total fee awards for

5  PPSC's work in defending eight depositions initiated by Plaintiff:

| FEES FOR DEPOSITIONS | | | | |
|---|---|---|---|---|
| **Name** | **Rate** | **Hours Requested** | **Hours Awarded** | **Fees Awarded** |
| **Sandra L. McDonough** | $575 | 1.2 | 1.2 | $690.00 |
| **Joanne Buser** | $450 | 78.7 | 45.0 | $20,250.00 |
| **Kris M. Darrough** | $285 | 36.3 | 36.3 | $10,345.50 |
| **Amy R. Arnold** | $190 | 13.0 | 13.0 | $2,470.00 |
| **TOTAL FEES FOR EIGHT DEPOSITIONS** | | | | **$33,755.00** |

        iii.    **Opposition to Plaintiff's Leave to Amend**

Defendants also seek to recover the fees they incurred in opposing Plaintiff's MLTA.  Fees Mot. 6; Defs.' Suppl. Reply ("Suppl. Reply") 3-4, ECF No. 96.  They argue that their opposition was "also necessitated by the anti-SLAPP because Skidmore only made that motion after the Court declined her request to submit supplemental briefing."  Suppl. Reply 4.

Although Defendants' anti-SLAPP motion could have conceivably contributed to Plaintiff's decision to amend her complaint and thereby necessitate Defendants' opposition, the Court cannot conclude that Defendants' opposition is "inextricably intertwined" with the anti-SLAPP motion.  The two briefs do not contain overlapping legal issues or theories.  The anti-SLAPP motion presented substantive legal defenses and evidentiary arguments, whereas the opposition at issue only argued a lack of "good cause" and diligence pursuant to Federal Rule of Civil Procedure 16.  *Compare* Second Dispositive Mot. 19-23 *with* Opp. MLTA 2-5.

15

Furthermore, Plaintiff's MLTA did not purport to amend the FAC allegations regarding the academic freedom doctrine or whether Defendants' statements are opinions or fact, which were the grounds on which the Court ultimately granted the anti-SLAPP motion. *See* February 15 Order 18-23.

Because Defendants' opposition to Plaintiff's MLTA called for a different legal analysis than their anti-SLAPP motion, Defendants' work on the two briefing were not "inextricably intertwined." Accordingly, the Court DENIES Defendants' request to recover the fees incurred in opposing Plaintiff's MLTA.

### iv. Briefing on Attorneys' Fee Motion

Defendants also seek to recover the fees incurred in bring the fee motion itself, which includes the work billed for the reply and supplemental exhibits to the instant motion. *See* Second Suppl. Decl. Joanne Alnajjar Buser ("Buser Decl. IV"), ECF No. 96-1; *see also, e.g.*, *Ketchum*, 24 Cal. 4th at 1141 ("[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16.").

For the reply in support of their fee motion, Defendants request 3.8 hours billed by Ms. Buser, 0.1 hours from Ms. McDonough, and 9.4 hours from Ms. Darrough, for a total of 13.3 hours expended. *See* Buser Decl. IV, Ex. A. Given that the reply was limited to only three pages per the Court's February 15 Order and did not call for an especially complicated response or exhibits, the hours billed for Ms. Buser and Ms. Darrough are somewhat excessive. The Court finds that 2.0 hours for Ms. Buser and 5.0 hours for Ms. Darrough is reasonable for Defendants' reply in support of their fees motion.

With respect to Defendants' work on the supplemental exhibit and corresponding reply (ECF Nos. 94, 96), Defendants request 4.1 hours for Ms. Buser, 18.1 hours for Ms. Darrough, and 0.9 hours for paralegal Amy R. Dickey. Buser Decl. IV ¶ 2. The Court acknowledges that Defendants' supplemental exhibit and reply called for some detailed time entry compilation, and most of the hours requested are reasonable. That said, a significant portion of the 18.1 hours requested for Ms. Darrough could have been delegated to a paralegal or secretarial staff member to

16

1  assist with much of the exhibit preparation and compilation. The Court concludes that 12 hours
2  would be reasonable for Ms. Darrough's work on the supplemental exhibit and reply.
3  　　　In summary, the Court awards the Defendants the following lodestars: $57.50 for Ms.
4  McDonough (0.1 hours x $575); $2,745 for Ms. Buser (6.1 hours x $450); $4,845 for Ms.
5  Darrough (17.0 x $285) and $171 for Ms. Dickey (0.9 x $190). Defendants' total fee award for
6  their work on the fee motion is $7,818.50.

| BRIEFING ON FEES MOTION AND SUPPLEMENT ||||| 
| Name | Rate | Hours Requested | Hours Awarded | Fees Awarded |
| --- | --- | --- | --- | --- |
| Sandra L. McDonough | $575 | 0.1 | 0.1 | $57.50 |
| Joanne Buser | $450 | 7.9 | 6.1 | $2,745.00 |
| Kris M. Darrough | $285 | 27.5 | 17.0 | $4,845.00 |
| Amy R. Dickey | $190 | 0.9 | 0.9 | $171.00 |
| **TOTAL FEES FOR FEES MOTION** |||| **$7,818.50** |

### C.  Multiplier

　　　In summary, the total lodestar for PPSC's work is $35,384.00 for both rounds of Dispositive Motion briefing and hearings; $33,755.00 for defending eight depositions; and $7,818.50 for bringing the motion for attorneys' fees, resulting in a total fee award of $76,957.50.

　　　Having calculated the lodestar figures, the Court must consider whether to apply a positive or negative multiplier. None of the parties requested application of a multiplier, nor would a multiplier be warranted in this case. As noted above, factors to be considered include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. Although Defendants presented several defenses in support of their anti-SLAPP motion, the academic freedom analysis

was relatively straightforward, given that *Rodriguez v. Maricopa Cnty. Cmty. Coll. Dist.* presented a strong Ninth Circuit authority in Defendants' favor. *See* 605 F.3d 703, 710 (9th Cir. 2010). While all defense counsel certainly litigated the matter capably, the anti-SLAPP motion did not call for any extraordinary skill or expertise. The motion practice in this case was not so onerous that counsel would have been precluded from other employment, and there is no evidence of a contingent fee agreement. Accordingly, the Court concludes that application of a multiplier is not warranted.

### D. Costs

Finally, Defendants seek to recover a total of $5,507.58 in costs incurred from court filing fees, process server fees, reporter fees, and transcript fees. *See* Buser Decl. I ¶ 17. Plaintiff does not dispute the recovery of these costs anywhere in her briefing. "A fee shifting provision permitting recovery of reasonable attorneys' fees gives the district court discretion to award non-taxable costs to prevailing parties." *Cuviello v. Feld Ent., Inc.*, No. 13-CV-04951-BLF, 2015 WL 154197, at *5 (N.D. Cal. Jan. 12, 2015) (citing *Grove v. Wells Fargo Fin. Cal.*, 606 F.3d 577, 580 (9th Cir. 2010)). Accordingly, the Court GRANTS Defendants' request to recover their costs.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion for attorneys' fees and costs is GRANTED IN PART, as follows:

1. Attorneys' fees are awarded to Defendants in the total amount of $76,957.50;
2. Costs are awarded to Defendants in the total amount of $5,507.58;
3. Defendants' request for fees incurred for opposing Plaintiff's MTLA is DENIED.

Dated: September 30, 2022

_____
BETH LABSON FREEMAN
United States District Judge